[No. 9623.  Department One.  October 17, 1911.]

O. F. KNAPP *et al.,* *Respondents,* v. THE CITY OF CHEHALIS, *Appellant.*[1]

CONTINUANCE—SURPRISE—TRIAL AMENDMENT—DISCRETION.  In an action for personal injuries in which the complaint alleged injury to plaintiff's "left" kidney, it is not an abuse of discretion to allow a trial amendment to make the reference to the "right" kidney, and to deny a continuance for surprise, where the defendant was allowed and availed itself of the privilege of a physical examination by physicians who testified for the defendant.

NEW TRIAL—SURPRISE—TIMELY OBJECTION—WAIVER.  A new trial for surprise in that the accident was shown to have occurred seventeen feet from the place alleged should not be granted after trial and verdict, when no objection was made at the time and no continuance requested.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—PROBATIVE FORCE.  In an action for personal injuries, it is not an abuse of discretion to refuse a new trial for newly discovered evidence as to general observations of neighbors regarding plaintiff's health, where it was not of such force as to be likely to change the result.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered January 9, 1911, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by falling upon a defective sidewalk.  Affirmed.

*C. A. Studebaker,* for appellant.

*Gus L. Thacker* and *Hayden & Langhorne,* for respondents.

PARKER, J.—The plaintiffs seek recovery of damages from the city of Chehalis on account of personal injuries resulting to the plaintiff Anna Knapp from the alleged negligence of the city in maintaining a defective sidewalk.  Upon a trial before the court and a jury, a verdict was rendered in favor of the plaintiffs.  The city's motion for a new trial being

[1]Reported in 118 Pac. 211.

denied, judgment was entered accordingly.    The city has appealed.

The first contention of counsel for appellant is that the trial court erroneously denied their application for a continuance upon the allowance of an amendment to the complaint at the instance of respondents' counsel.    Among other injuries of Anna Knapp complained of, it was alleged in the complaint that "her left kidney was displaced."    At the trial counsel for respondents asked leave to amend the complaint so as to make this allegation refer to the right kidney.    The court granted leave to so amend the complaint.    Thereupon counsel for appellant asked for a continuance of the trial over the term, claiming surprise.    The court denied the application upon condition that respondent Anna Knapp submit to an examination by any physicians that counsel for appellant might desire to have make such examination.    After excepting to this ruling, counsel for appellant named four physicians to make the examination, and the court then took a recess for two and one-half hours for that purpose, during which time all of the physicians so named by counsel for appellant made the examination, and all of them thereafter testified in behalf of appellant touching Mrs. Knapp's condition.    We are of the opinion that there was no abuse of discretion in denying the continuance asked for, in view of the opportunity given counsel for appellant to meet the allegation of the amendment.

The evidence produced in behalf of respondents tended to show that the place upon the sidewalk where Mrs. Knapp was injured was about seventeen feet from that alleged in the complaint.    One of appellant's grounds for new trial is surprise at this evidence.    It appears to have been admitted without objections, no claim of surprise was made at the time of its admission, nor was any continuance requested on that account.    We find no objection to this evidence, nor claim of surprise at its admission, in the record until the motion for new trial was made.    Clearly, such a claim cannot

be considered after trial and verdict, for the first time, when it is apparent, as it is in this case, that there was no reason for not raising the question and asking a ruling of the court thereon when the evidence was admitted.    14 Ency. Plead. & Prac. 749.

Another ground for new trial relied upon by counsel for appellant is newly discovered evidence.    This evidence consists of observations made by two of Mrs. Knapp's neighbors. They state, in substance, that some time after the accident they could see Mrs. Knapp from time to time about her home in the performance of her household duties, and that, so far as they were able to notice, she did not act as though she were sick or in pain, but that she moved about her home as one in normal health.    These neighbors saw Mrs. Knapp only from their own homes, and they do not appear to have personally associated with her at all.    Other newly discovered evidence consists of an alleged statement made by Mrs. Knapp to a neighbor about a month before she was injured, to the effect that she was then afflicted with kidney trouble.    Other newly discovered evidence consists of the casual observation of a physician made upon a professional visit to Mrs. Knapp's home to visit another member of her family some two months after she was injured.    This physician states that then "Mrs. Knapp came to the door apparently in good health and without showing any signs of injury."    It does not appear that he examined Mrs. Knapp or had any occasion to notice her with reference to her physical ailments. Considering the probative force of this evidence alone, and passing the question of diligence in its discovery, we are quite unable to see that there was an abuse of discretion in denying a new trial.    The trial court could well conclude that it was not such evidence as would be at all likely to change the result upon a new trial.

The judgment is affirmed.

DUNBAR, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.