[No. 10488.  Department One.  December 19, 1912.]

WILLIAM HAZLETT, *Respondent*, v. SEATTLE ELECTRIC
COMPANY, *Appellant*.[1]

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DISCRETION OF COURT.
It is not an abuse of discretion to refuse a new trial on the ground
of the newly discovered evidence of a witness who would testify, in
contradiction of several witnesses, that plaintiff had told him sev-
eral years before that he was ruptured and unable to do hard work,
where the same was contradicted by counter affidavits, and it is not
probable that the evidence would change the result.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered February 8, 1912, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
for personal injuries sustained by a passenger on a street
car.  Affirmed.

*James B. Howe* and *H. S. Elliott*, for appellant.

*James A. Dougan*, for respondent.

GOSE, J.—This is an action to recover for personal in-
juries, alleged to have been sustained by the plaintiff while
a passenger upon one of the defendant's street cars, in con-
sequence of its alleged negligence.  The charge is that the
car was run at a high rate of speed around a sharp curve,
throwing the plaintiff from his seat upon and across the car
step, in such a manner that his abdomen came in contact
with the edge of the step.  At the trial, the defendant ad-
mitted its liability, but required the plaintiff to prove the
extent of his injuries.  There was a verdict and judgment
for the plaintiff for $3,000.  This appeal resulted.

The single question presented is, whether the court erred
in denying the motion for a new trial.  At the time of the
trial, the respondent had a double hernia and swollen ankles.
He testified that he was also suffering at times from pains in

[1]Reported in 128 Pac. 677.

his head, back, and the back part of his neck, and that he had none of these ailments before he sustained the injury. His wife corroborated his testimony to the effect that none of the objective conditions antedated the accident. The family physician testified that he had no knowledge of the existence of either the hernia or the swollen condition of the ankles before the respondent was injured. Dr. Willis, a witness for the appellant, testified that he first examined the respondent five days after he met with the accident; that he did not then discover the hernia, and that he was not sure of its presence when he examined him about fifty-five days later. There was strong evidence that the respondent was in good health, and that he had worked regularly at hard physical labor up to the time he received the injury.

The motion for a new trial was based upon a showing of diligence and the affidavit of a Mr. Pratt. The substance of his affidavit is that he had known the respondent intimately for the seven or eight years immediately preceding the date of his affidavit, and that, shortly after he became acquainted with the respondent, the latter informed him that he was ruptured. He further says, that the respondent had been lame on account of the swelling of his feet; that he had often complained of being in poor health, and that to the best of his knowledge the respondent had not been able "for many years to perform any hard manual labor." Counter affidavits were made by the respondent and his wife. The former denied making the statements, and they both asserted their falsity in fact. They were supported by the affidavit of a third party, which in substance is that the respondent had worked regularly and steadily for a mill company at hard manual labor, and that he appeared to be a strong, able-bodied man.

The granting or the denying of a new trial are matters within the sound discretion of the trial judge, and his ruling will be sustained except in cases of manifest abuse of discretion. *Knapp v. Chehalis*, 65 Wash. 350, 118 Pac. 211;

*Walgraf v. Wilkeson Coal & Coke Co.*, 65 Wash. 464, 118 Pac. 343. No abuse of discretion is shown here. It is true the appellant did not attempt directly to show that the hernia existed before the accident. If the respondent had been in poor health and unable to work for any considerable period of time before he received the injury in controversy, it would seem that the appellant would have had no difficulty in finding witnesses to establish that fact.

"The law, in view of the liability of the human mind to err in remembering the statements and declarations of parties, receives and weighs such evidence with great caution." *Denny v. Holden*, 55 Wash. 22, 103 Pac. 1109.

Testimony as to the admissions of a litigant made many years before their narration in court is recognized as the weakest kind of evidence. In view of the entire record, it cannot be said that there is a reasonable probability that a new trial would materially reduce the damages. A new trial was denied upon a much stronger showing in *Knapp v. Chehalis, supra*, and we held that there was no abuse of discretion.

The judgment is affirmed.

MOUNT, C. J., CHADWICK, CROW, and PARKER, JJ., concur.