BENJAMIN M. BRADBURY *vs.* INHABITANTS OF BENTON.

Kennebec. Opinion February 20, 1879.

*Defective way. Notice. Location. Liability. Rule of damages.*

A notice of injuries received, and specified as injuries to the "periosteum of the tibia," is good—such words having become Anglicized.

Where a notice had been given, and a more specific one was afterwards substituted, the latter in no way impairs the effect of the first, there being no pretense of a withdrawal of the claim. Revocation of the first notice affords no evidence, of itself, of a revocation of the claim.

The notice need not specify the injuries as they are alleged in the writ. The plaintiff is not confined or limited to the precise statement of his injuries contained in his notice. It is sufficient if the town has such notice as will enable its officers to investigate the case and acquire a full knowledge of the facts.

Where the records of one county show a legal location of the way upon which the injury was received, it is not competent to introduce the records of another county to impeach the same.

Where the bridge on which the plaintiff was injured had been used as a toll bridge before a public way was located over it, and it had been properly constructed for public travel, and was a connecting link between two highways, and there was no timber, wood or erection on the way which the owner had the right to remove, and no time was prescribed in which the way should be opened; *Held*, the way should be opened in a reasonable time; and, if permitted to be used by the public after its location, and for nearly a year prior to the injury, the town became liable to keep it safe and convenient, and consequently liable in damages.

In this class of cases, the jury are authorized to assess prospective damages, although not specifically claimed in the writ.

ON EXCEPTIONS, AND MOTION.

ACTION on the case to recover for personal injuries alleged to have been received December 13, 1875, on account of a defect in a highway which the defendant town was bound to keep in repair. Ad damnum, $5,000. Date of writ January 21, 1876.

Plea, general issue and brief statement that the way described in plaintiff's writ was never legally established, and defendants were not bound to repair or maintain the same.

The verdict was for the plaintiff, the damages being assessed in the sum of $840.00. Thereupon the defendants moved to set aside the verdict and that a new trial be granted, because against law, evidence, and the weight of evidence, and likewise alleged exceptions to certain rulings of the presiding justice which are recited in the opinion. The notice to defendant town, put into the case, was in writing and as follows:

"Fairfield, December 28, 1875. To the selectmen of the town of Benton, Maine:

"Gentlemen: A demand against the town of Benton has been left at this office for collection. Your immediate attention to the matter will save cost. The demand is for damages sustained by Benjamin M. Bradbury of Fairfield, Maine, in consequence of injuries received from defect in that portion of the covered bridge across the Kennebec river, which is situated in said town of Benton, and which said town is by law bound to keep in repair, on the evening of the 13th of December, A. D. 1875. The nature of the injury, according to the statement of Dr. E. G. Fogg the attending physician, is inflammation of the periosteum (periostitis) of the tibia, at about the junction of the middle and the lower thirds of the right leg. Yours very truly, F. E. McFadden, att'y for Bradbury."

In the writ and declaration the plaintiff's injuries are described as "a dangerous contusion of the muscles of said leg, and the bones of said leg were then and there, by reason of said defect or hole in said bridge and highway, badly injured and displaced; his back strained and a general shock to his nervous system was then and there received by reason of the defect aforesaid, and many other grievous injuries were then and there sustained by said plaintiff by reason of the defect aforesaid, by reason whereof

he has hitherto been confined to his room, his health has been greatly impaired, his life endangered, and he has suffered great pain and has been put to great expense for medical aid and nursing."

Other necessary facts appear in the opinion.

*O. D. Baker*, for the plaintiff.

*S. S. Brown*, for the defendants, contended : .

I. The notice was insufficient, because :

(1). It was not expressed in the English language.

(2). It was revoked.

(3). It did not specify the injuries which are alleged in the declaration.

II. The location of the way was not sufficient to charge the defendants, because :

(1). The commissioners had no jurisdiction of the way, it not being asked for in the petition, and it may be impeached collaterally. *Small* v. *Pennell*, 31 Maine, 267.

(2) The accident occurred before the liability of the town had become fixed, it being inside of one year after location. R. S., c. 18, § 14.

(3.) The court erroneously instructed the jury in regard to prospective damages, because the declaration did not allege them. 1 Chit. Plead., §§ 339, 399. *Patten* v. *Libbey*, 32 Maine, 378. 2 Greenl. Ev., § 254, *et seq. Hunter* v. *Stewart*, 47 Maine, 419.

LIBBEY, J. Exceptions are taken to the rulings of the presiding judge on three points.

I. As to the sufficiency of the notice by the plaintiff to the town after the injury. The notice was in writing, and the judge instructed the jury that it was sufficient. It is claimed that this instruction was erroneous :

(1). Because the notice was not expressed in the English language. The injury specified is to the " periosteum of the tibia." The words " periosteum " and " tibia" have become Anglicized, and are now used as English words. They are found in the English dictionaries now in use.

(2). Because it was revoked. The ground of this objection is that the plaintiff's attorney, after the action was commenced, thinking the notice not so specific as might be required, went to one of the selectmen of the defendant town and said " the first notice was not good; he waived it and would rely upon a new one," which he read. There is no pretense of a withdrawal of the claim against the town. This proceeding by the attorney in no way impaired the effect of the notice which had been given.

(3). Because it does not specify the injuries as they are alleged in the declaration. It was not necessary that it should do so. The plaintiff is not confined and limited to the precise statement of his injuries contained in his notice. The true nature and extent of the injuries may not be developed so as to be known to the plaintiff till after the time in which the notice is required to be given. It is sufficient if the town has such notice as will enable its officers to investigate the case and acquire a full knowledge of the facts. *Blackington* v. *Rockland*, 66 Maine, 332.

II. The second point excepted to is the instruction of the judge to the jury upon the questions of the legality of the location of the way and the liability of the defendant town to keep the bridge in repair. The instruction was as follows: " If that bridge continued to be traveled by the public as a part of the public highway after the location, then the location which has been introduced is sufficient in law to cast upon the defendant town the burden to keep it in repair."

The report of the evidence in the case is made a part of the exceptions. By the record of the location it appears that a part of the way located over the bridge, which had been used as a toll bridge, was in Somerset county and a part in Kennebec county. The petition was presented to the county commissioners of Somerset county, and notices duly given by them; a meeting of the commissioners of both counties was had; a joint adjudication, that common convenience and necessity required the location of the way, was made, and the proceedings were recorded in Kennebec county; and thereupon the commissioners of that county proceeded to locate the way in their county. They fixed no time in which the way should be opened for public travel. The evidence

is sufficient to authorize the jury to find that the bridge ceased to be used as a toll bridge from the location of the way, and was used by the public as a public highway from that time to the time of the plaintiff's injury. It is not claimed that there was any timber, wood or erection on the way which the owner had a right to remove.

It is claimed that the instruction of the judge is erroneous on two grounds:

(1). That the way was not legally located. The record of the county commissioners of Kennebec was introduced by the plaintiff. It is not claimed that there are any errors in the proceedings of the commissioners disclosed by that record. It shows a legal location. But the defendants claim the right to introduce the record of the county commissioners of Somerset county to show that the record in Kennebec is erroneous.

We are of opinion that the record in Kennebec cannot thus be impeached collaterally, but must be held to be sufficient to show a legal location in that county.

The same result must follow if the record in Somerset county is to control. That record shows everything necessary to give the commissioners of the two counties jurisdiction, and that their joint adjudication was sufficient to give the commissioners of each county jurisdiction to complete the location of that part of the way in their respective counties. The excess of authority, if any, under the petition can be shown only by parol evidence. The commissioners having jurisdiction, their action cannot thus be impeached collaterally. *Gay* v. *Bradstreet*, 49 Maine, 580.

(2). That the injury to the plaintiff occurred before the town became liable, under the location, to maintain the way and keep it in repair. In *Blaisdell* v. *Portland*, 39 Maine, 113, it is said that, "if no time is prescribed by the county commissioners, then, according to the general principles of law, the way must be opened within a reasonable time." Here the way located was a connecting link between two public highways, and was used as such as a toll bridge at the time of the location. It was properly constructed for public travel. There was no timber, wood or erection to be removed. It was reasonable that the town should

be required to assume it and keep it in repair at once. It took no measures to prevent the public from travelling over it, but permitted it to remain open and to be used by the public as a public highway. It thereby became liable to keep it in repair. *Blaisdell* v. *Portland, supra,* and cases there cited.

The instruction required the jury to find that the bridge had been traveled by the public after the location as a part of the public highway. We think this was correct.

III. Exception is taken to the charge of the judge authorizing the jury to assess prospective damages, on the ground that such damages are not claimed in the writ. It is not claimed that, in this class of actions, the plaintiff is not entitled to recover for such damages as will naturally and ordinarily result from his injuries in the future as well as for the past; but it is claimed they must be specifically declared for in the declaration. In legal contemplation all damages which will be sustained as the effect of the injury, are sustained immediately. The future effect of the injuries is not special damages which must be alleged, but general damages which necessarily flow from the injuries received. *Hunter* v. *Stewart*, 47 Maine, 419. The declaration specifically describes the injuries received. It is sufficient to authorize a recovery of all damages which had been or would be sustained by the plaintiff as the natural and ordinary effect of the injuries.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS and VIRGIN, JJ., concurred.