[No. 5802. Decided November 22, 1905.]

AMANDA HAMMOCK, *Appellant*, v. THE CITY OF TACOMA, *Respondent.*[1]

MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—CLAIM AND NOTICE OF INJURY—DEFINITENESS AS TO PLACE—SUFFICIENCY. A notice of claim for injuries, sustained upon a city sidewalk, which describes the place as on the east side of J street between 41st and 42d streets, is a sufficient compliance with a charter requirement that it shall describe the place, although the accident occurred between 41st and 43d streets, there being no 42d street intersecting J street; since there was evident a *bona fide* effort to comply with the law and no intention to mislead, and a description sufficient to identify the place and enable one to find it.

SAME—PLEADING—COMPLAINT—MISTAKE AS TO DATE OF PRESENTATION OF CLAIM—AMENDMENT UPON REVERSAL. Where a demurrer to a complaint against a city for personal injuries was interposed on the ground that the notice of claim did not sufficiently identify the place, and was at variance with the complaint, a claim cannot be first made in the supreme court that the notice appears by its date to have been filed one day too late, where the plaintiff claims the date to be a clerical error, and especially where the complaint alleges that it was filed within time.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered March 3, 1905, in favor of the defendant, upon sustaining a demurrer to the amended complaint, dismissing an action for personal injuries sustained through a fall on a defective sidewalk. Reversed.

[1]Reported in 82 Pac. 893.

*Govnor Teats,* for appellant, cited: *Born v. Spokane,* 27 Wash. 719, 68 Pac. 386; 5 Thompson, Negligence, §§ 6330-6332; *Fuller v. Hyde Park,* 162 Mass. 51, 37 N. E. 782; *Harder v. Minneapolis,* 40 Minn. 446, 42 N. W. 350; *Lyons v. Red Wing,* 76 Minn. 20, 78 N. W. 868; *Lincoln v. O'Brien,* 56 Neb. 761, 77 N. W. 76; *Lincoln v. Pirner,* 59 Neb. 634, 81 N. W. 846; *Owen v. Fort Dodge,* 98 Iowa 281, 67 N. W. 281; *Wheeler v. Detroit,* 127 Mich. 329, 86 N. W. 822; *Cross v. Elmira,* 86 Hun 467, 33 N. Y. Supp. 947; *Hein v. Fairchild,* 87 Wis. 258, 58 N. W. 413; *Piper v. Spokane,* 22 Wash. 147, 60 Pac. 138.

*O. G. Ellis, J. J. Anderson,* and *R. E. Evans,* for respondent, upon the point that the notice was insufficient, cited, *inter alia: Mears v. Spokane,* 22 Wash. 323, 60 Pac. 1127; *Learned v. Mayor,* 21 Misc. Rep. 601, 48 N. Y. Supp. 142; *Trost v. Casselton,* 8 N. D. 534, 79 N. W. 1071; *Sowle v. Tomah,* 81 Wis. 349, 51 N. W. 571; *Maloney v. Cook,* 21 R. I. 471, 44 Atl. 692; *Biesiegel v. Seymour,* 58 Conn. 43, 19 Atl. 372; *Rauber v. Wellsville,* 82 N. Y. Supp. 9; *Weber v. Greenfield,* 74 Wis. 234, 42 N. W. 101; *Shallow v. Salem,* 136 Mass. 136; *Dalton v. Salem* (Mass.), 28 N. E. 567; *Post v. Foxborough,* 131 Mass. 202.

DUNBAR, J.—This is an appeal from a judgment of dismissal, rendered upon the order of the court sustaining a demurrer to appellant's amended complaint. There seems to be no merit in the motion to dismiss. The allegations of the complaint were to the effect that the plaintiff, an elderly woman, while walking along a sidewalk upon the east side of J street in the city of Tacoma, about half way between South Forty-third and South Forty-first streets, on the 12th day of June, 1904, was severely injured through a fall caused by a broken and rotten plank in the walk. The situation is shown by the accompanying diagram:

The language of the claim notice is as follows:

"For personal injuries, occurring to her [plaintiff] on South J street between South Forty-first and South Forty-second streets, in the city of Tacoma, through a defective sidewalk at the point on June 12, 1904, $2,000."

The affidavit accompanying the notice alleges:

"That, on the 12th day of June, 1904, at about the hour of 2 o'clock of said day, while walking with her daughter, Mrs. Mary Bradshaw, along and upon the sidewalk upon the east side of J street in the city of Tacoma, at a point about half way between South Forty-second and South Forty-first streets, she was permanently injured," etc.

It appears that South Forty-second street had not been extended from N street to J street, a distance of four blocks, and that the next street from Forty-first street, traveling south on J street, is Forty-third street; so that the point where the injury actually occurred was about half way between Forty-first street and Forty-third street, instead of half way between Forty-first and Forty-second streets, as stated in the notice. But we think this discrepancy was not sufficient to debar the plaintiff from her right of action. It is evident that the city authorities in looking for this place could not have been misled, for they were notified that the accident occurred on the east side of J street. They were also notified that it was at

some point south of Forty-first street. When they repaired to J street, looking for the place of accident and traveling towards Forty-third street, they would notice that there was no Forty-second street intersecting the east side of J street, and would naturally conclude that the street that was meant was the next street south of Forty-first street, a natural conclusion to be arrived at by the claimant who knew that her starting point was Forty-first street and that she was hurt between that and the intersection of the next street.

A great many cases are cited by both respondent and appellant on the proposition of the definiteness required by the notice in such cases as this, but we think there are no cases that sustain the court in holding that this notice was insufficient. The charter provision requires that such writing shall state the time, place, cause, nature, and extent of the alleged injuries, so far as practicable. There is nothing any more sacred about a notice of the place where an injury occurred than there is in any pleading in a case. The object is to give information, and when that information is given in a practicable manner, the requirements of the law are met. Mr. Thompson, in his Commentaries on the Law of Negligence, Vol. 5, § 6330, voices the almost uniform sentiment of the courts on this subject in the following statement:

"It is manifestly sufficient if, in such a notice, the *place* where the accident took place is described so as to identify it with *reasonable certainty,* and so that the proper investigating officer can *find it from the description,* aided by a reasonable inquiry, and that it is not calculated to mislead. Clearly, such a notice sufficiently designates the place of the accident when its descriptive words are such that, with the notice in hand, there can be no trouble in finding the place. On the other hand, it seems to be a just conclusion that, as it is the purpose of such statutes to furnish the proper municipal officers with the same facilities for ascertaining the condition of the place causing the injury that the injured party has or could reasonably have, the notice given by him *ought to be sufficient to that end.* Moreover, where there has been a *bona-fide* effort to comply with the statute and there has

been *no intention to mislead,* it is a sound and just rule which opens the door of the court to an inquiry whether the notice *did in fact mislead.* If it did not in fact mislead, but if its deficiencies or mistakes were helped out by other information given to the proper officers, or by other knowledge on their part, no matter how acquired, then it would turn the statute into a mere trap for the ignorant and unskillful, to deprive them of a right of action because of failing to do something which caused the municipality no injury and put it to no disadvantage."

Many cases are cited by the author to sustain the text, where greater discrepancies in the location of the place existed than in the notice in the case at bar. But this court has uniformly held that the provisions of such statutes should be liberally construed. In *Piper v. Spokane,* 22 Wash. 147, 60 Pac. 138, it was held that, in an action against the city for damages received by reason of the defective condition of a certain highway, it was an immaterial variance for the complaint to describe the place of injury as a "sidewalk" while the claim presented against the city prior to suit described it as a "crosswalk." In *Born v. Spokane,* 27 Wash. 719, 68 Pac. 386, the rule was announced as follows:

"The object of the law, doubtless, is to protect the municipality from fraudulent claims, by enabling its officers not only to examine the *locus in quo,* to see if the city had been negligent, but to obtain witnesses and procure testimony, by drawings and photographs, to be used if deemed necessary in resisting the claim, and generally to investigate the demand while it is fresh and while evidence is obtainable, and for the purpose of compromising or paying said claim if it is deemed a just and legal one; and such provisions are universally sustained if they are reasonable in time and demand. But while the law must be a reasonable one, a reasonable compliance with its terms is all that can be demanded; . . ."

The same spirit of liberality was manifested in the opinion in *Bell v. Spokane,* 30 Wash. 508, 71 Pac. 31, where it was said:

"The charter provision is essentially one of notice, and was probably intended to enable cities to repair defective

sidewalks, and thereby prevent further liability, to give them an opportunity to settle the claim without the expense of a lawsuit, and also an opporunity to obtain and preserve testimony in relation to the condition of the street, and the circumstances surrounding the accident; and was not intended as a stumbling block or a pitfall to prevent recovery by meritorious claimants."

It seems to us that the notice in this case was sufficient to give the city the notice contemplated by the ordinance.

In the respondent's answering brief it is contended that the complaint was insufficient, for the reason that it states upon its face that the accident happened on the 12th day of June, and that the claim was filed on the 13th day of the following July; thereby showing that the charter provision with reference to filing the claim within thirty days after the alleged accident has not been complied with. The appellant in her reply brief states that she has been taken by surprise by this claim on the part of the respondent, and that the figures "13th" are a clerical error; that the claim was actually filed on the 12th day of July; that this was known to the respondent city; that, in addition thereto, this question was not raised in the court below, and that the respondent ought not to be heard to urge it here for the first time. Investigation of the record satisfies us that the appellant was not called upon to defend the sufficiency of the complaint outside of the propositions of the insufficiency of the notice and the variance of the complaint and notice as to place, and that the demurrer interposed in the court below did not reach to the questions now sought to be reached. In addition to this, the complaint alleges that the notice was filed within thirty days after the accident occurred. So that, at the most, there was only a seeming contradiction in the allegations of the complaint.

The judgment in this case will have to be reversed. The appellant will be allowed to amend her complaint in rela-

tion to the date of the service of the notice, and with such amendment the cause will proceed to trial.

MOUNT, C. J., CROW, ROOT, HADLEY, FULLERTON, and RUDKIN, JJ., concur.