[No. 6015. Decided March 14, 1906.]

MARY MULLIGAN, *Appellant,* v. THE CITY OF SEATTLE,
                    *Respondent.*[1]

MUNICIPAL CORPORATIONS—STREETS—CLAIM FOR DAMAGES—SUFFI-
CIENCY—DESCRIPTIONS OF LOCATION. A notice of claim for damages
sustained through a defective sidewalk sufficiently complies with the
charter provision that it "accurately" locate the defect, when the
place is described as on the south side of Bay street between First
and Western avenues, thereby locating the same within the distance
of one block, and where an examination of the location would have
revealed such a defect as that described in the notice.

Appeal from an order of the superior court for King
county, Albertson, J., entered June 12, 1905, granting a new
trial for error of law, after a verdict in favor of the plaintiff,
in an action for personal injuries sustained through a de-
fective sidewalk. Reversed.

*Wooten & Welch,* and *Brady & Gay (Dudley G. Wooten,*
of counsel), for appellant, cited: *Norwood v. Sommerville,*
159 Mass. 105, 33 N. E. 1108; *Veno v. Waltham,* 158 Mass.
279, 33 N. E. 398; *Cross v. Elmira* 33 N. Y. Supp. 947;
*Owen v. Ft. Dodge,* 98 Iowa 281, 67 N. W. 281; *Hein v.
Fairchild,* 87 Wis. 258, 58 N. W. 413; *Duncan v. Grand
Rapids,* 121 Wis. 626, 99 N. W. 317; *Hunter v. Village of
Durand* (Mich.), 100 N. W. 191; *Oesterreich v. Detroit*
(Mich.), 100 N. W. 593; *Langley v. City Council,* 118 Ga.
590, 45 S. E. 486, 98 Am. St. 133; *City of Lincoln v. Miller*
(Neb.), 96 N. W. 484; *Ruscher v. Stanley,* 120 Wis. 380,
98 N. W. 223.

*Scott Calhoun* and *Elmer E. Todd,* for respondent, cited:
*Mears v. Spokane,* 22 Wash. 323, 60 Pac. 1127; *Butts v.
Stowe,* 53 Vt. 600; *Maloney v. Cook,* 21 R. I. 471, 44 Atl.
692; *Kaherl v. Rockport,* 87 Me. 527, 33 Atl. 20; *Borst v.
Town of Sharon,* 48 N. Y. Supp. 996; *Rauber v. Wellsville,*

1Reported in 84 Pac. 721.

82 N. Y. Supp. 9; *Sowle v. City of Tomah,* 81 Wis. 349, 51 N. W. 571; *Gardner v. New London,* 63 Conn. 267, 28 Atl. 43; *Crocker v. Hartford,* 66 Conn. 387, 34 Atl. 98; *Ehrhardt v. Seattle,* 40 Wash. 221, 82 Pac. 296.

HADLEY, J.—This is a suit to recover damages for personal injuries alleged to have been caused by a defective sidewalk, in the city of Seattle. A trial was had before a jury, and a verdict was returned in favor of the plaintiff. The city moved for a new trial, and the same was granted. The plaintiff has appealed.

It is assigned that it was error to grant the new trial. The order upon the motion for new trial recites as follows:

"The court grants defendant's motion for a new trial on the sole ground that the claim of injuries presented by the plaintiff to the city council of the defendant city of Seattle did not comply with the provisions of the city charter of said city, relative to the presentation of such claims, in that it did not accurately locate the defect which caused the injury to the plaintiff."

With respect to the location of the defect in the sidewalk, the written claim presented to the city, and which was admitted in evidence at the trial, was as follows:

"That on Thursday, July 7, 1904, at or about 11 a. m. of the said day, while Mrs. Mary Mulligan, the claimant herein, was walking on Bay street between First and Western avenues in the city of Seattle, King county, Washington, said street being regularly laid out by the said city as a public thoroughfare and used by the people as such thoroughfare, the claimant, Mary Mulligan, while so walking and while upon the south side of Bay street between First and Western avenues, stepped upon the plank that was loose, and the end of it had become rotten and rotten stringers underneath, and as she stepped upon the same, wholly unaware of danger, the plank tipped making the center stringer a fulcrum, and she fell down."

The charter provision of the city upon this subject provides

that "all such claims for damages must accurately locate and describe the defect that caused the injury."

At the trial an objection to the offer of the written claim for damages was overruled; but when considering the motion for new trial, the court adopted a different view. The only question involved in the appeal is, was the description sufficiently accurate to comply with the terms of the charter? The notice locates the place on the south side of Bay street between First and Western avenues. The side of the street is definitely stated, and it is conceded that the location is otherwise placed within the distance of one block. A more definite statement would seem to have called for measurements, and we do not think the charter term "accurately" should be construed as requiring such exactness. It should receive a reasonable interpretation, and the purpose of the provision evidently is that the city shall be advised with reasonable certainty of the place, and may thereupon make examination with a view to ascertaining for itself the facts with reference to the alleged injury. An examination of the limited extent of the block mentioned would have revealed such a defect as that described.

Respondent argues that the claim was not presented to the city until the 29th day after the accident, and that the condition of the sidewalk in the block may have changed within that time. It was, however, filed within the time permitted by the charter, and in law it must therefore be presumed to have given the city ample time for proper investigation. In the late case of *Hammock v. Tacoma,* 40 Wash. 539, 82 Pac. 893, the place of injury was designated in the notice to the city as between South Forty-first and South Forty-second streets. An affidavit accompanying the notice stated that it was about half way between those two streets. The fact is, however, that Forty-second street does not extend to the street upon which the place of the defect was located, but ends at a point four blocks distant therefrom. An attempt to locate

the place strictly with reference to Forty-second street, as described in the notice, would have failed, because there was no such street there. The next street south of Forty-first street in that locality is Forty-third street, but it was held that the notice was sufficient, inasmuch as it informed the city that the place was at some point south of Forty-first street, and that it was reasonable to conclude from the notice that the place was between Forty-first and the next street.

Respondent argues that the notice in that case described the place as half way between the streets, whereas in the case at bar it was not limited to any particular portion of the block. But in the former case, if exact statement had been required, there could have been no location found strictly conformable to the notice. The Tacoma charter requires that the location shall be stated "so far as practicable." We see no essential difference between the two charter provisions. Both evidently mean that a reasonable degree of accuracy shall be used. We think that in principle the case cited should not be distinguished from the one now before us. It is due the trial court to say that the *Tacoma* case was decided since the judgment was rendered in this cause.

The judgment is reversed, and the cause remanded, with instructions to vacate the order granting a new trial and enter judgment upon the verdict for appellant.

MOUNT, C. J., FULLERTON, CROW, ROOT, and DUNBAR, JJ., concur.