[No. 6713.   Decided November 19, 1907.]

LEVI ELLIS, *Appellant*, v. THE CITY OF SEATTLE,
*Respondent.*[1]

MUNICIPAL CORPORATIONS—CLAIMS—NOTICE—DEFECT IN STREET—
SUFFICIENCY OF DESCRIPTION.  A claim for personal injuries describes
a defect in a street with reasonable certainty and sufficiently directs
the city officers thereto, where a large hole is erroneously located on
the west side of a street, the notice further stating that it was near
No. 228, which was a two story building on the east side, the street
being only forty-six feet in width; it appearing that the city officers
claimed to have made no examination of the east side, and took
photographs not of the street, but of the west side only.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered February 27, 1907, dismissing
an action for personal injuries sustained in a fall from a
wagon by reason of a defect in a street.   Reversed.

*Wilson R. Gay,* for appellant.

*Scott Calhoun* and *Elmer E. Todd,* for respondent.

DUNBAR, J.—The appellant claims to have been injured
on the 9th day of January, 1906, in the city of Seattle, by
driving into a hole which it is alleged the city negligently
permitted to remain in the street.   The claim for damages,
which was filed within the time prescribed for filing such
claims, was as follows:

"That on Tuesday, January 9th, 1906, at about 6:30 a.
m., in the morning of the said day, while he, Levi Ellis, claim-
ant herein, was driving a double team of horses and wagon
on Westlake avenue, between Thomas and John streets, on
the west side of said Westlake avenue, on and near the west
trackage of the Seattle Electric Company, and near No. 228
Westlake avenue in the city of Seattle, King county, Wash-
ington, said street being regularly laid out by the city as a
public thoroughfare and used by the people of said city as

[1]Reported in 92 Pac. 431.

such thoroughfare, the claimant Levi Ellis, while so driving at said place, the street being unlighted, the front wheels of said wagon went into a large hole in said street, the location of said hole and its condition being wholly unknown to this claimant, and this claimant being unaware of danger was precipitated from the said wagon, was thrown to the ground in said street, and received serious injuries hereafter described, for which he claims damages."

The description of the place where the accident happened was set forth in the complaint substantially as it was in the notice. Upon the examination of the plaintiff, it was ascertained that the accident occurred on the east side of the street instead of the west. The plaintiff, being a man who could not read or write, testified that the description in the notice and complaint was a mistake, and the attorney for the plaintiff also testified that it was a mistake which had crept in without his attention being called to it. Upon the conclusion of the testimony, the court took the case from the jury and dismissed the action, on the ground that there was a variance between the description in the notice and complaint and the proof adduced; so that the only question to be determined in this case is, was the description reasonably sufficient to notify the city authorities of the locality where the accident was alleged to have happened.

This court has uniformly placed a liberal construction upon the requirements of such notice, holding that the notice had a common-sense object, viz., to apprise the officers of the municipality of the location, so that it might be examined with a view to preparing a defense to the action if it was thought a defense should be made; that if it directs the attention of said officers with reasonable certainty to the place of the accident, the requirements of the notice have been met; and that it was not intended that the terms of the notice should be used as a stumbling block or pitfall to prevent recovery by meritorious claimants. *Piper v. Spokane*, 22 Wash. 147, 60 Pac. 138; *Born v. Spokane*, 27 Wash. 719, 68 Pac. 386;

*Bell v. Spokane,* 30 Wash. 508, 71 Pac. 31; *Hammock v. Tacoma,* 40 Wash. 539, 82 Pac. 893; *Mulligan v. Seattle,* 42 Wash. 264, 84 Pac. 721.

The contention of respondent is that, when the officers of the city took the notice for the purpose of ascertaining the location, they were deceived and misled by reason of the fact that the notice stated that the accident occurred on the west side of said Westlake avenue on and near the west trackage of the Seattle Electric Company. Mr. Dennis, claim agent for the city, testified that when he went to examine the premises, he did not examine the east side of the street at all, but confined his examination entirely to the west side. The distance between the curbings on the street is only forty-six feet. Mr. Dennis, the claim agent and inspector, Mr. Thomas, the foreman of streets, and Mr. Lippert from the city engineer's office, all went out to view this street and took photographs, not of the street but of the west side of the street, claiming that they were not called upon to look at the east side of the street.

If there had been no more definite description than that the accident occurred on the west side of the street, it is barely possible that such officers might reasonably have been misled and would have been excused for not extending their observations a few feet further. But the notice also informed the city that the accident happened near No. 228 Westlake avenue, and No. 228 Westlake avenue is on the east side of the street. This was the definite description, and the most distinct landmark that was pointed out, and if an examination had been made near No. 228 Westlake avenue, which was a two-story building, the hole would undoubtedly have been found, or the place where the street had been repaired as indicated by the new lumber which had been placed over the hole.

When asked if there were any holes in the street on the east side, Mr. Dennis replied that he did not know; he did not look; standing severely on the language used in the notice

that it was on the west side of the street, and totally ignoring the more definite description that it was near No. 228 Westlake avenue. A street forty-six feet wide is a very narrow strip of ground, and it would seem impossible for three men, who were there for the purpose of viewing the street and finding an alleged defect in it, who went to the trouble of setting their camera and taking a photograph of the street, not to notice the street in its full width. The whole testimony convinces us that the city was not, or should not have been, misled by this notice; at least, that the circumstances should have been submitted to a jury for their determination on this question.

The merits of the case are not before us, but for the error of the court in taking the case from the jury and dismissing the action, the judgment will be reversed and a new trial granted.

HADLEY, C. J., RUDKIN, and CROW, JJ., concur.

MOUNT and ROOT, JJ., took no part.