[No. 9717. Department One. January 31, 1912.]

CHARLES BENSON, *Appellant*, v. THE CITY OF HOQUIAM, *Respondent*.[1]

MUNICIPAL CORPORATIONS—FILING CLAIMS—NECESSITY—VERIFICATION OF CLAIM—STATUTES—CONSTRUCTION. Laws 1909, p. 627, requiring claims against a city for personal injuries to be filed within thirty days, giving the residence of the claimant, specifying the items of damage, and verified, is mandatory and an action cannot be maintained unless the claim filed complies with all the requirements.

SAME—NOTICE OF CLAIM—SUFFICIENCY. In such a case, notice to the city officers by a claimant resident in the city cannot take the place of the claim required to be filed with the city clerk.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered April 8, 1911, dismissing an action against a city upon sustaining a demurrer to the complaint. Affirmed.

*Morgan & Brewer*, for appellant.

*James P. H. Callahan* and *Boner & Boner*, for respondent.

CHADWICK, J.—Plaintiff claims to have been injured as the result of the negligence of the defendant, a municipal corporation. Within the time limited by law and ordinance, he presented his claim in form following:

"You are hereby notified that on the 13th of September, 1910, at about the hour of 8:30 o'clock in the evening of

[1]Reported in 121 Pac. 58.

said day, at the corner of the intersection between 'K' street
and Emerson avenue in the city of Hoquiam, I received an
injury through and by reason of falling or being thrown to
the street—a portion of the planking having been removed,
leaving an opening in said street through the carelessness
and neglect of the officers, agents and employees of the city
of Hoquiam; that there was no light placed at said opening
in the street nor was there any protection placed around the
opening in said street nor warning of a dangerous place be-
ing given in any way; that I claim and demand as damages
against the city of Hoquiam, for such injuries the sum of
$5,000, and I herewith make demand for settlement in said
sum."

This was presented to the city council, and by it referred
to the city attorney. No action having been taken within
sixty days, this action was begun. After the time for filing
had run, plaintiff went to the city clerk's office and attached
an affidavit or verification, in which the requirements of the
act of 1909, p. 627 (Rem. & Bal. Code, § 7998), were set out.
It is earnestly argued that the claim notice is sufficient under
many decisions of this court, and this may be true; but after
these decisions were pronounced, and presumably to change
the rule of law announced therein, the legislature provided by
a general law that a sufficient claim must be filed within thirty
days, and that all such claims shall set forth specifically the
things which we had for the most part held unnecessary in
the decisions relied on.

In the case of *Wolpers v. Spokane*, 66 Wash. 633, 120 Pac.
113, a demurrer was sustained because the claim was insuf-
ficient, and although we reversed the case because we were
unwilling to hold that either the law of 1909 or the charter
provisions of the city applied to employees, we nevertheless
held, having in mind the history of the act of 1909, that
"the statute is mandatory." In *Collins v. Spokane*, 64
Wash. 153, 116 Pac. 663, it was likewise contended that a
notice omitting some of the statutory requirements would
sustain an action, under the authority of the case of *Hase v.*

*Seattle*, 51 Wash. 174, 98 Pac. 370, 20 L. R. A. (N. S.) 938, and kindred cases. The court refused to extend the doctrine of that case, saying: "We think the better rule is that a statute of this character is mandatory, and that a compliance with its provisions is a condition precedent to the bringing of the action."

The further distinction was pointed out by Judge Parker in his concurring opinion, where, although subscribing to the doctrine of the *Hase* case, he says: "I regard the real distinction . . . to be that the requirement for filing the claim here involved is found in a state law;" while, as he clearly shows, the former cases proceeded upon the theory that a city could not limit its liability by a charter provision.

Plaintiff further pleads the fact that he is a resident and property owner in Hoquiam, and that he had notified the police officers and the officers of the city of his injury. This does not meet either the letter or the intendment of the law. *Cole v. Seattle*, 64 Wash. 1, 116 Pac. 257.

Judgment affirmed.

PARKER, CROW, and GOSE, JJ., concur.