[No. 9991.   Department Two.   February 16, 1912.]

## C. N. LINDQUIST et al., Respondents, v. THE CITY OF SEATTLE, Appellant.[1]

MUNICIPAL CORPORATIONS—CLAIMS—DESCRIPTION OF INJURY.   A claim against a city "accurately describes" the injury, within the requirements of a city charter, so as to admit proof of a sprained ankle causing permanent injuries, where it alleges that claimant's leg was fractured and bruised necessitating a surgical operation and that claimant will be disabled many months.

PLEADINGS—AMENDMENTS TO CONFORM TO PROOF—SURPRISE—CONTINUANCE.   It is not an abuse of discretion to allow an amendment to conform to proof as to the permanent nature of personal injuries, where the court offered to appoint physicians for a physical examination, with a view to granting a continuance if the examination demonstrated a surprise preventing a fair trial, and defendant failed to avail itself of the offer.

MUNICIPAL CORPORATIONS—SIDEWALKS—CONTRIBUTORY NEGLIGENCE —QUESTION FOR JURY.   Plaintiff, injured by a fall by stepping on a loose plank in a defective sidewalk, is not guilty of contributory negligence, as a matter of law, from the fact that many of the boards were loose and rattled when stepped on, he never having been over the walk before; plaintiff having a right to assume the safety of the walk.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 13, 1911, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for injuries sustained in a fall upon a sidewalk.   Affirmed.

*Scott Calhoun* and *James E. Bradford,* for appellant.

*Brady & Rummens* and *Elmore Winkler,* for respondents.

ELLIS, J.—Action for personal injuries to the plaintiff C. N. Lindquist, caused by a fall through a defective sidewalk, on Harrison street, near the alley between Sixth and Seventh avenues north, in the city of Seattle.   Harrison street runs in an easterly and westerly direction, and is crossed by Sixth and Seventh avenues, running north and

[1]Reported in 121 Pac. 449.

south. From Sixth avenue eastward to the alley, the sidewalk lay upon stringers on the ground. These stringers were decayed and many boards were loose so that they rattled under the feet. From the alley towards Seventh avenue, the sidewalk was raised on a trestle some seven feet above the ground. The evidence shows that this, also, was in a generally bad condition, and had been so for at least six months. This part of the sidewalk, however, was more solid that that which lay upon the ground. About 3 o'clock in the afternoon of July 31st, 1910, the plaintiff husband and his wife were walking eastward on Harrison street, and had passed over the sidewalk from Sixth avenue to the alley, and for about one-third of the distance from the alley to Seventh avenue, when he stepped upon the end of a plank which gave way beneath him, letting him fall through the sidewalk to the ground below causing the injuries complained of.

Trial was had to a jury, and at the conclusion of the plaintiff's evidence, the defendant challenged its sufficiency by motion, which was overruled. The city rested its case without offer of evidence. The jury returned a verdict of $1,000. Motions for a new trial and for judgment notwithstanding the verdict were made and overruled. The judgment was then entered, from which the defendant city has appealed.

(1) The first error assigned is based upon the admission of evidence of a sprained ankle causing permanent injury. It is urged that the claim filed with the city in compliance with a requirement of the city charter was insufficient to admit of such proof, since the sprain was known to the claimant when he filed the claim. The notice of claim described the injury as follows:

"That by reason of the claimant falling violently through the opening as aforesaid, the said claimant's leg was fractured and bruised to such an extent that he was compelled to undergo a surgical operation and will be disabled for many months to come. That in falling the claimant was bruised about the arms and has suffered great pain and anguish."

The description of the injury in the complaint was couched in similar terms.

Section 29, of article 4, of the charter of Seattle, prescribing such claims, provides as follows:

"All such claims for damages must accurately locate and describe the defect that caused the injury, accurately describe the injury, give the residence for one year last past of claimant, contain the items of damages claimed, and be sworn to by the claimant."

It will be noted that the charter requires no more specific description of the injury than of the defect which caused the injury. The obvious purpose of the charter provision is to insure such notice as will enable the city, through its proper officials, to investigate the cause and character of the injury while the facts are comparatively recent, and thus protect itself against fraudulent or exaggerated claims. This court, in common with many others, has held that, where there is a *bona fide* effort to comply with the law, and the notice filed actually accomplished the purpose of notice as to the place and character of the defect in the street, it is sufficient though defective, if the deficiencies therein are not such as to be actually misleading. *Ellis v. Seattle*, 47 Wash. 578, 92 Pac. 431; *Hammock v. Tacoma*, 40 Wash. 539, 82 Pac. 893; *Falldin v. Seattle*, 50 Wash. 561, 97 Pac. 658. This court has also held that claims of this character are to be viewed with at least that liberality which is accorded to a pleading. *Hase v. Seattle*, 51 Wash. 174, 98 Pac. 370, 20 L. R. A. (N. S.) 938. These, and many other decisions which might be cited, show that this court has never adopted that Draconic strictness of construction which would sacrifice the just and reasonable purpose of the law to a technical exactness of terms, making it a pitfall for the ignorant and unskillful, rather than a reasonable protection against the fraudulent and designing.

"It is a sound view that such a notice is sufficient when couched in general terms that cannot be misunderstood, and

that technical accuracy and nicety of particularization are not necessary." 5 Thompson, Commentaries on Law of Negligence, § 6328.

The same rule applies in stating the nature and extent of the injury.

"Where the statute requires such a notice to state the nature of the injury, it will be *sufficient if the statement be made in general terms* which cannot be misunderstood. As in the case of statements touching the *place* and *cause* of the injury, technical terms and detailed accuracy are not required." 5 Thompson, Commentaries on Law of Negligence, § 6338.

Since the charter requires nothing more specific as to the injury than as to the defect which caused it, we can conceive of no good reason why the above rules should not apply to the one as well as to the other. Applying these rules to the case before us, it is obvious that the notice that the claimant's leg was "fractured and bruised to such an extent that he was compelled to undergo a surgical operation," should be held sufficient to allow proof of a bruised leg from the knee to the foot, and an ankle so sprained and ligaments so ruptured as to necessitate a surgical operation, which was the proof made. The injuries described in the notice and those proved were so nearly related in location and character that notice leading to inquiry and examination as to the one would necessarily afford full knowledge as to the other. *Bradbury v. Inhabitants of Benton*, 69 Me. 194; *Reno v. St. Joseph*, 169 Mo. 642, 70 S. W. 123; *City of Dallas v. Moore*, 32 Tex. Civ. App. 230, 74 S. W. 95.

The facts in the case of *Horton v. Seattle*, 53 Wash. 316, 101 Pac. 1091, are plainly distinguishable from the facts here. The notice there stated that,

"She was greatly bruised and injured and her whole right side was paralyzed and she suffered great pain under her kidney and right hip joint and she also suffered severe pains in her right leg."

The claim was filed twenty-one days after the injury, and the claimant testified that, within five days after receiving the injury she knew that her eyesight was impaired. The court held that the notice was insufficient to admit proof of injury to the eyes. It is too obvious for comment that there was in that case no such relation between the injury described in the notice and that sought to be proved either as to location or character, as that presented here. We are constrained to hold that the notice here under consideration was sufficient to permit proof of the sprain and consequent permanent injury to the ankle. *Owen v. Seattle*, 64 Wash. 10, 116 Pac. 261.

(2) It is next assigned as error that the court permitted the plaintiffs to amend their complaint to conform to the proof showing permanent injury, and in refusing the defendant's request for a continuance on the ground of resulting surprise. The court, in denying the continuance, offered to interrupt the trial and appoint physicians to examine the plaintiff, and stated that, if such an examination demonstrated a surprise to the extent that it could not be fairly met, he would pass upon the motion later. Counsel for the city did not see fit to avail himself of that offer, and the court, on the following morning, proceeded with the trial. In this we find no error. The offer of the court was an ample protection against the alleged surprise, and when it was not accepted there was no abuse of discretion in refusing a continuance. *Knapp v. Chehalis*, 65 Wash. 350, 118 Pac. 211.

(3) Finally, it is contended that the plaintiff was guilty of contributory negligence as a matter of law. In this we find no merit. While the evidence shows that many of the boards were loose and rattled under the feet especially where the sidewalk lay upon the ground, it also shows that they were more secure upon the trestle. The city maintained no sign, barrier, or other warning to indicate that the sidewalk was not safe, but tacitly invited the public to use it, and it was in constant use. The plaintiff had not been upon it

before and knew nothing about it.· He had the right to assume that the sidewalk was reasonably safe throughout its entire width. *Gallamore v. Olympia*, 34 Wash. 379, 75 Pac. 978; *Gallagher v. Buckley*, 31 Wash. 380, 72 Pac. 79. Whether the plaintiff was guilty of contributory negligence was a question for the jury. *Drake v. Seattle*, 30 Wash. 81, 70 Pac. 231, 94 Am. St. 844; *Cowie v. Seattle*, 22 Wash. 659, 62 Pac. 121; *Jordan v. Seattle*, 26 Wash. 61, 66 Pac. 114.

The judgment is affirmed.

DUNBAR, C. J., CROW, MORRIS, and CHADWICK, JJ., concur.