[No. 11956. Department One. June 23, 1914.]

H. P. DECKER et al., Appellants, v. THE CITY OF SEATTLE, Respondent.[1]

MUNICIPAL CORPORATIONS—CLAIMS—REQUISITES — RESIDENCE OF CLAIMANT. Rem. & Bal. Code, § 7995, requiring claims for damages against a city of the first class to be filed in compliance with valid charter provisions, and that the claim shall contain a statement of the actual residence of the claimant "at the date of presenting and filing the claims," and also for six months prior to the accrual thereof, is substantially complied with by a claim stating the residence for a year "last past" at the time of the verification of the claim, which was three days before it was filed; and is sufficient to admit proof of the same residence at the time of the filing.

Appeal from a judgment of the superior court for King county, Smith, J., entered March 6, 1914, dismissing an action in tort, upon granting a nonsuit, after a trial before the court and a jury. Reversed.

Higgins & Hughes (Hyman Zettler, of counsel), for appellants.

James E. Bradford and Howard M. Findley, for respondent.

ELLIS, J.—This case presents the same questions as those involved in Jorguson v. Seattle, ante p. 126, 141 Pac. 334,

[1]Reported in 141 Pac. 338.

and is, in the main, controlled by that decision. The only additional question is as to the sufficiency of the claim presented to the city council and filed with the city clerk. This claim was verified on February 12, 1913, and was presented and filed February 15, 1913. It contained the statement "that the claimants' residence for one year last past has been and now is No. 1122, Tenth avenue south, Seattle, Washington." The uncontradicted evidence was to the effect that the residence of the plaintiffs on February 12, 1913, . when the claim was verified, was, in fact, No. 1122 Tenth avenue south, in the city of Seattle, Washington, and so continued at the time the claim was presented and filed on February 15, 1913, and for a long period subsequent thereto. The trial court held the notice of claim insufficient in that it spoke as of the date of the verification, three days before it was filed, hence did not meet the requirement of the statute, Rem. & Bal. Code, § 7995 (P. C. 77 § 133), which provides that every claim for damages sounding in tort, filed in compliance with valid charter provisions of any city of the first class, shall contain, in addition to the valid requirements of the charter, "a statement of the actual residence of such claimant, by street and number, at the date of presenting and filing such claim; and also a statement of the actual residence of such claimant for six months immediately prior to the time such claim for damages accrued." The court dismissed the action. The plaintiffs appealed.

In support of the judgment, the respondent urges that the claim was fatally defective, citing cases in which this court has held that the above quoted provisions of the statute are mandatory, that a compliance therewith is "a condition precedent to the bringing of the action and that the giving of the notice in substantial compliance with the statute must be alleged and proven." *Ransom v. South Bend,* 76 Wash. 396, 136 Pac. 365; *Collins v. Spokane,* 64 Wash. 153, 116 Pac. 663, 35 L. R. A. (N. S.) 840; *Connor v. Seattle,* 76 Wash.

37, 135 Pac. 617; *Benson v. Hoquiam*, 67 Wash. 90, 121 Pac. 58.

In the *Ransom* case, the claim was not filed until seventy-three days after the accident. In the *Collins* case, the claim contained none of the statutory requirements. In the *Connor* case, and also in the *Benson* case, the claim contained no reference whatever to the claimants' place of residence. It is obvious that in none of these cases was there any compliance with the statute, substantial or otherwise. We have never held that even a mandatory requirement may not be met by a substantial, though not an exact, nice and literal compliance. In *Lindquist v. Seattle*, 67 Wash. 230, 121 Pac. 449, we said:

"The obvious purpose of the charter provision is to insure such notice as will enable the city, through its proper officials, to investigate the cause and character of the injury while the facts are comparatively recent, and thus protect itself against fraudulent or exaggerated claims. This court, in common with many others, has held that, where there is a *bona fide* effort to comply with the law, and the notice filed actually accomplished the purpose of notice as to the place and character of the defect in the street, it is sufficient though defective, if the deficiencies therein are not such as to be actually misleading. *Ellis v. Seattle*, 47 Wash. 578, 92 Pac. 431; *Hammock v. Tacoma*, 40 Wash. 539, 82 Pac. 893; *Falldin v. Seattle*, 50 Wash. 561, 97 Pac. 658. This court has also held that claims of this character are to be viewed with at least that liberality which is accorded to a pleading. *Hase v. Seattle*, 51 Wash. 174, 98 Pac. 370, 20 L. R. A. (N. S.) 938. These and many other decisions which might be cited, show that this court has never adopted that Draconic strictness of construction which would sacrifice the just and reasonable purpose of the law to a technical exactness of terms, making it a pitfall for the ignorant and unskillful, rather than a reasonable protection against the fraudulent and designing."

In *Frasier v. Cowlitz County*, 67 Wash. 312, 121 Pac. 459, we said:

"The purpose of these provisions, as applied to a claim arising from a tort, is to enable the municipality to investi-

gate both the claim and the claimant while the occurrence is recent and the evidence available, to the end that it may protect itself against spurious and unjust claims. When the claim substantially complies with the legislative requirement and these ends are subserved, the claim has accomplished the purpose intended."

In *Hammock v. Tacoma*, 40 Wash. 539, 82 Pac. 893, this court said:

"The object is to give information, and, when that information is given in a practicable manner, the requirements of the law are met. Mr. Thompson, in his Commentaries on the Law of Negligence, Vol. 5, § 6330, voices the almost uniform sentiment of the courts on this subject in the following statement:

" 'It is manifestly sufficient if, in such a notice, the *place* where the accident took place is described so as to identify it with *reasonable certainty,* and so that the proper investigating officer can *find it from the description,* aided by a reasonable inquiry, and that it is not calculated to mislead. Clearly, such a notice sufficiently designates the place of the accident when its descriptive words are such that, with the notice in hand, there can be no trouble in finding the place. On the other hand, it seems to be a just conclusion that, as it is the purpose of such statutes to furnish the proper municipal officers with the same facilities for ascertaining the condition of the place causing the injury that the injured party has or reasonably could have, the notice given by him *ought to be sufficient to that end.* Moreover, where there has been a *bona fide* effort to comply with the statute and there has been *no intention to mislead,* it is a sound and just rule which opens the door of the court to an inquiry whether the notice *did in fact mislead.* If it did not in fact mislead, but if its deficiencies or mistakes were helped out by other information given to the proper officers, or by other knowledge on their part, no matter how acquired, then it would turn the statute into a mere trap for the ignorant and unskillful, to deprive them of a right of action because of failing to do something, which caused the municipality no injury and put it to no disadvantage.' "

See, also, *King v. Spokane*, 52 Wash. 601, 100 Pac. 997; *Falldin v. Seattle*, 50 Wash. 561, 97 Pac. 658; *Ellis v. Se-*

*attle*, 47 Wash. 578, 92 Pac. 431. In the present instance, the interval between the date of the verification and filing of the claim was so short as to constitute a substantial compliance with the statute. In such a case, it is only reasonable to permit the claim to be supplemented by proof that the place of residence was not changed in the interval. So supplemented, the claim, obviously, was not, and could not have been, misleading. It performed its true function, that of notice.

The judgment is reversed, and the cause is remanded for trial.

CROW, C. J., MAIN, GOSE, and CHADWICK, JJ., concur.