[No. 12349.  Department One.  January 7, 1915.]

## MELVINA LOWERY et al., Respondents, v. THE CITY OF SPOKANE, Appellant.[1]

MUNICIPAL CORPORATIONS—CLAIMS—PERSONAL INJURIES—DESCRIPTION—SUFFICIENCY.  A notice of claim against a city for injuries to the back part of both legs, and to the left heel and tendon Achilles, further alleging that plaintiff was crushed and bruised to such an extent that she could not walk, was sufficient to admit proof of broken bones in the foot and ankle resulting in "flat foot" or broken arch.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered April 30, 1914, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries.  Affirmed.

*H. M. Stephens, Wm. E. Richardson, Ernest E. Sargeant,* and *Dale D. Drain,* for appellant.

*Roche & Onstine,* for respondents.

PARKER, J.—The plaintiffs seek recovery for personal injuries which they claim resulted to the plaintiff Melvina Lowery from the negligence of the city of Spokane in permitting a boiler to be insecurely placed over a public sidewalk along which she was walking, which boiler, by reason of its insecure position, fell and injured her.  Verdict and judgment being rendered in favor of the plaintiffs in the sum of $1,350, the city has appealed therefrom.

The principal contentions of counsel for the city are, in substance, that the trial court permitted counsel for respondents to introduce evidence upon the trial tending to show injuries the nature and extent of which were not sufficiently claimed or described in their claim of damages presented to the city preliminary to the commencement of this action.  The city charter provides that such claims must

[1]Reported in 145 Pac. 181.

state the time when and the place where such injury was received or happened, the cause, the nature and extent thereof. After describing the location and the position of the boiler over the sidewalk in front of a plumbing shop, respondents state in their claim as follows:

"Said Melvina Lowery being in the exercise of ordinary care, passed along in front of said shop, the said boiler, by reason of the defective and negligent manner in which it was held in position, fell from its position across the said sidewalk and struck the said Melvina Lowery on the back part of both her right and left leg, and left heel and tendo Achilles, with such force and weight as to knock her to the ground and permanently injure her.

"That by reason of the force and weight of said boiler, the back of her legs and left heel and tendo Achilles thereof have been crushed and bruised to such an extent that she has been unable to walk, and has been constantly confined to her bed and ever since has been, and still is, caused to suffer great pain and anguish, and will continue to suffer great pain and anguish by reason thereof for some time in the future and perhaps the balance of her life, and by reason of said injury her nervous system has been greatly shocked and affected and she is caused to continuously suffer by reason thereof, and is permanently injured."

In their complaint respondents allege injuries to the bones of the foot and ankle of respondent Melvina Lowery, as well as the injuries to "the back and her legs and left heel and tendo Achilles thereof" mentioned in their claim presented to the city. In support of these allegations, evidence was introduced in behalf of respondents, over objections of counsel for the city, tending to show, in addition to the injury to the back of the legs and heel, the existence of what is known as "flat foot," sometimes called "broken arch," as the result of respondent Melvina Lowery's being struck by the falling boiler while she was walking past it. This evidence, it is insisted by counsel for the city, was not admissible because it related to injuries not mentioned or described in respondents' claim presented to the city before commencing their action.

We think that the injuries which this evidence tended to prove were so nearly related in location and character to those mentioned in the claim that they should be regarded as a portion of the injuries for which respondents claimed damages at the time of presenting their claim to the city. In *Lindquist v. Seattle*, 67 Wash. 230, 121 Pac. 449, after reviewing our former decisions at some length and noticing the liberal construction theretofore given by us to such claims for damage, Justice Ellis, speaking for the court, said:

"These, and many other decisions which might be cited, show that this court has never adopted that Draconic strictness of construction which would sacrifice the just and reasonable purpose of the law to a technical exactness of terms, making it a pitfall for the ignorant and unskillful, rather than a reasonable protection against the fraudulent and designing. . . .

"Applying these rules to the case before us, it is obvious that the notice that the claimant's leg was 'fractured and bruised to such an extent that he was compelled to undergo a surgical operation,' should be held sufficient to allow proof of a bruised leg from the knee to the foot, and an ankle so sprained and ligaments so ruptured as to necessitate a surgical operation, which was the proof made. The injuries described in the notice and those proved were so nearly related in location and character that notice leading to inquiry and examination as to the one would necessarily afford full knowledge as to the other."

We conclude that the admission of this evidence, in addition to evidence tending to show injury to the back of the leg and heel, was not erroneous.

Contention is made that the evidence was not sufficient to support the verdict and judgment. It is enough to say that a review of the evidence convinces us that it was ample for that purpose.

The judgment is affirmed.

CROW, C. J., GOSE, MORRIS, and CHADWICK, JJ., concur.