[No. 12538.  *En Banc.*  July 29, 1915.]

J. M. MAGGS *et al.*, *Appellants*, v. THE CITY OF SEATTLE,
*Respondent.*[1]

MUNICIPAL CORPORATIONS — CLAIMS — REQUISITES — RESIDENCE OF
CLAIMANT—STATUTES. Rem. & Bal. Code, § 7995, providing that
every claim for damages sounding in tort against a city of the first
class, filed in compliance with valid charter provisions of the city,
shall contain a statement of the actual residence of the claimants
at the date of presenting and filing such claim and for six months
immediately prior to the time the claim accrued, is substantially
complied with—and that is all that is required—by a notice stating
the claimant's residence at the date of the verification and for at
least six months prior thereto, when both verified and filed within
thirty days after the claim accrued; the presumption being that
the residence remained the same until the day of filing, and all the
purposes of the statute being thereby fulfilled.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered May 29, 1914, upon sustaining
a demurrer to the complaint, dismissing an action for dam-
ages to property. Reversed.

· *E. H. Guie*, *W. A. Keene*, and *E. F. Chabot*, for appellants.

*James E. Bradford* and *Howard M. Findley*, for respond-
ent.

ELLIS, J.—This is an action for damages which it is al-
leged were caused to the plaintiffs' property by the careless
and negligent filling of a contiguous street by the city of
Seattle. The complaint and an alleged copy of the plaintiffs'
claim for damages thereto attached show that the claim was
verified on December 31, 1912, and was presented to the city
council and filed with the city clerk on January 13, 1913.

The defendant demurred to the complaint upon the grounds
that it does not state sufficient facts, and that the action was
not commenced within the time allowed by law. The de-
murrer was sustained. The plaintiffs electing to abide by

[1]Reported in 150 Pac. 612.

their pleading, judgment was entered dismissing the action with costs. Plaintiffs appeal.

The sole question presented on the briefs and in argument relates to the time of verification of the claim. The sufficiency, neither of the complaint nor of the claim, is questioned in other particulars. The applicable provision of the city charter, sec. 29 of art. 4, among other things, provides that all claims for damages against the city must be sworn to by the claimant and presented to the city council and filed with the city clerk within thirty days after the time when such claim for damages accrued. The act of 1909, relating to claims against cities of the first class, Rem. & Bal. Code, § 7995 (P. C. 77 § 133), provides that every claim for damages sounding in tort, against any city of the first class, filed in compliance with valid charter provisions of such city, shall contain, in addition to the valid requirements of the charter, "a statement of the actual residence of such claimant, by street and number, at the date of presenting and filing such claim; and also a statement of the actual residence of such claimant for six months immediately prior to the time such claim for damages accrued." Section 7997 declares compliance with the "provisions of this act" to be mandatory.

Independent of some valid charter provision requiring the presentation and filing of a claim, this act of 1909 has no force. It merely adds a new requirement to those made by the charter. It merely declares that requirement mandatory, but not the requirements contained in the charter itself.

"The first section of the act of 1909 makes it manifest that the provisions of that law, as relating to cities of the first class, have no independent force. They can only be invoked by reference to the city charter, and as applying to claims prescribed and filed 'in compliance with valid charter provisions of such city.' That law does not extend the requirement of notice, either as contained in any city charter or as contained in the law itself, to other persons or other torts than those contemplated by such city charter. If the

charter does not require the presentation or filing of any notice of claim in a case such as here under consideration, then the law of 1909 requires none." *Wolpers v. Spokane,* 66 Wash. 633, 120 Pac. 113.

The notice of claim here in question gives the residence of all of the claimants at the date of the verification of the claim and for one year prior thereto as No. 1611, Eighth avenue north, in Seattle, Washington. The respondent contends that this notice speaks as of the date of the verification and not as of the date of the filing, hence does not meet the requirements of the above cited statute. In support of this contention, our decisions in the cases of *Ransom v. South Bend,* 76 Wash. 396, 136 Pac. 365; *Collins v. Spokane,* 64 Wash. 153, 116 Pac. 663, 35 L. R. A. (N. S.) 840; *Connor v. Seattle,* 76 Wash. 37, 135 Pac. 617; *Kincaid v. Seattle,* 74 Wash. 617, 134 Pac. 504, 135 Pac. 820, and *Benson v. Hoquiam,* 67 Wash. 90, 121 Pac. 58, are cited. In these decisions we held that the provisions of this statute, and of the cognate statute touching cities of the third and fourth classes, are mandatory; that compliance therewith is a condition precedent to the bringing of the action, and that the giving of notice in substantial compliance with the statute must be alleged and proved. Neither of these cases, however, touches the point here involved. In the *Ransom* case, the claim was not filed until seventy-three days after the accident. In the *Collins* case, the claim contained none of the statutory requirements. In the *Kincaid* case, the claim was not verified at all and did not state the place of the claimant's residence, but we held that, in that case, no notice was required. In the *Connor* case, and also in the *Benson* case, the claim contained no reference whatever to the claimant's place of residence. Moreover, both the *Ransom* case and the *Benson* case arose under the statute relating to cities of the third and fourth classes, a statute complete in itself without reference to any charter provision. Rem. & Bal. Code,

§ 7998 (P. C. 77 § 57). In none of these cases was there any compliance with the statute, substantial or otherwise.

In the case of *Decker v. Seattle*, 80 Wash. 137, 141 Pac. 338, in which the same question was presented as found here, we call attention to the fact that we have never held that even the mandatory requirement of a statute may not be met by a substantial, though not an exact, nice and literal compliance with its terms. The only difference between the notice in the case here and that in the case last cited is found in the fact that in the *Decker* case the notice was verified three days before it was filed, and in this case the notice was verified thirteen days before it was filed. In both cases the notice was verified, presented and filed within the thirty days required by the charter provision. In the *Decker* case, we held that the interval between the verification and the filing of the claim was so short as to constitute a substantial compliance with the statute, and that it was only reasonable to permit the claim to be supplemented by proof that the place of residence was not changed in the interval.

This case was originally submitted to Department No. Two of this court, but, owing to the continual recurrence of the question involved, we have secured the consent of both parties to its submission on the briefs to the court *En Banc*. After mature consideration, we are firmly convinced that a claim which states the claimant's place of residence at the date of verification and for at least six months prior thereto, when both verified and filed within thirty days after the claim accrued, as provided by the charter, must be construed as reading as of the date of filing, and as making a *prima facie* showing of the residence as of that date, the presumption being that the place of residence remains unchanged until the contrary is made to appear. This is the general rule in all cases where a status is once established. Such a construction meets every possible useful purpose of the notice, which is to give to the city the opportunity to investigate both the claim

and the claimant while the occurrence is recent and the evidence available. *Frasier v. Cowlitz County*, 67 Wash. 312, 121 Pac. 459; *Lindquist v. Seattle*, 67 Wash. 230, 121 Pac. 449; *Wagner v. Seattle*, 84 Wash. 275, 146 Pac. 621.

While the statute is mandatory in its only independent re-·quirement, namely, that the notice give the place of residence of the claimant, it contains no provision that the notice shall be verified at all. That requirement is found in the charter provision alone. We have repeatedly held that a substantial compliance with such charter provisions is all that is required. *Lindquist v. Seattle, supra; King v. Spokane*, 52 Wash. 601, 100 Pac. 997; *Falldin v. Seattle*, 50 Wash. 561, 97 Pac. 658; *Hammock v. Tacoma*, 40 Wash. 539, 82 Pac. 893; *Ellis v. Seattle*, 47 Wash. 578, 92 Pac. 431; *Wagner v. Seattle, supra; Born v. Spokane*, 27 Wash. 719, 68 Pac. 386. With this construction before it, the legislature did not declare the charter requirements mandatory, but only its own added requirement. This is as true of the verification as of any other charter provision. While the charter requires that the claim be verified, we have never held that it must be verified upon the exact date when it is filed. We have clearly intimated the contrary. *Bell v. Spokane*, 30 Wash. 508, 71 Pac. 31.

It seems to us, therefore, that it would be carrying the mandatory provision of the statute farther than was ever contemplated by the legislature to hold that the claim must be verified upon the exact date of filing. Since the sole purpose of the filing of the claim is to give notice to the city and enable it to investigate both the claim and the claimant while the facts are comparatively recent, it is obvious that any *bona fide* effort on the part of the city to avail itself of the notice by making an investigation will, in any case, develop the fact that the claimant either did or did not reside at the place given in the notice at the time when the claim was filed. This meets every purpose of the act. *Wagner v. Seattle, supra.* If it then transpires that the claimant did not reside

at the given place when the claim was filed, proof of that fact would invalidate the notice and defeat the action. On the other hand, if it be found that he did then reside at the given place, the city can reap every benefit which such a notice, whensoever verified, could confer. If the city ignore the notice and make no investigation, it is in no position to complain, whatever the fact. *Ellis v. Seattle, supra.*

No valid reason has been, or can be, advanced for a more strict construction of the requirement engrafted upon the charter provisions by the statute than that accorded to those found in the charter alone. On the contrary, the very fact that it is mandatory and unavoidable calls for a reasonable construction, in the light of its plain purpose, unless we are to regard the statute as a pitfall rather than a precaution. What we said in *Lindquist v. Seattle, supra,* is just as pertinent to this statute as it is to the provisions found in the charter itself:

"The obvious purpose of the charter provision is to insure such notice as will enable the city, through its proper officials, to investigate the cause and character of the injury while the facts are comparatively recent, and thus protect itself against fraudulent or exaggerated claims. This court, in common with many others, has held that, where there is a *bona fide* effort to comply with the law, and the notice filed actually accomplished the purpose of the notice as to the place and character of the defect in the street, it is sufficient though defective, if the deficiencies therein are not such as to be actually misleading. *Ellis v. Seattle,* 47 Wash. 578, 92 Pac. 431; *Hammock v. Tacoma,* 40 Wash. 539, 82 Pac. 893; *Falldin v. Seattle,* 50 Wash. 561, 97 Pac. 658. This court has also held that claims of this character are to be viewed with at least that liberality which is accorded to a pleading. *Hase v. Seattle,* 51 Wash. 174, 98 Pac. 370, 20 L. R. A. (N. S.) 938. These, and many other decisions which might be cited, show that this court has never adopted that Draconic strictness of construction which would sacrifice the just and reasonable purpose of the law to a technical exactness of terms, making it a pitfall for the ignorant and unskillful,

rather than a reasonable protection against the fraudulent and designing."

The judgment is reversed and the cause is remanded for further proceedings.

All Concur.