[No. 13596.  Department One.  January 29, 1917.]

# E. M. RAMPON, *Respondent*, v. WASHINGTON WATER POWER COMPANY, *Appellant*.[1]

MUNICIPAL CORPORATIONS—USE OF STREETS—CONTRIBUTORY NEGLI-
GENCE—TRAFFIC ORDINANCE—VIOLATION.  Failure to observe a traffic
ordinance providing that vehicles, in passing, shall keep as near the
right hand curb as possible, does not render one guilty of contribu-
tory negligence, *per se*, in driving into an obstruction near the cen-
ter of the street in the nighttime, where there was no passing traffic
and no injury resulted to any one for whose benefit the ordinance
was passed.

Appeal from a judgment of the superior court for Spo-
kane county, Linn, J., entered April 8, 1916, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
in tort.  Affirmed.

*Post, Russell, Carey & Higgins*, for appellant.

*Mulligan & Bardsley* and *Robertson & Miller* for respond-
ent.

CHADWICK, J.—The appellant operates a double track
street railway system in the city of Spokane.  It had made
an excavation between the rails and for a short distance on
either side of its track at the intersection of Post street and
Riverside avenue.  The dirt from the excavation had been
piled on the south side of the south track.  On the night
of November 8, 1915, at the hour of about 1:30 in the
morning, plaintiff left his place of business in company with
others to go to his home.  He drove his machine west along
Riverside avenue a little to the north of the north rail of
the north track.  It was raining hard and there was some
fog.  Plaintiff was driving his car at a speed estimated at
from seven to fifteen miles an hour.  The street car com-
pany had placed lights upon the pile of dirt which had

[1]Reported in 162 Pac. 514.

been excavated so as to protect traffic going east on River-side avenue. There were no danger signals on the north side of the track, but there was a street lamp at the inter-section of the streets, and an electrolier at one of the street corners. The excavation, which was from eight to twelve inches deep, appeared dark, and plaintiff drove into it as-suming it to be water. The car was so damaged that a verdict in the sum of $208 is not challenged as excessive.

The jury found with plaintiff on the issues of negligence, but it is contended that plaintiff cannot recover because of his own negligence which contributed to the injury.

Appellant relies on that part of section 24 of the Spo-kane Traffic Ordinance, No. C1832, which provides: "A vehicle, except when passing a vehicle ahead, shall habit-ually keep as near the right-hand curb as possible." The evidence shows, without controversy, that Riverside avenue is a very wide street, and that there was an intervening space between the north track and the curb of approximately thirty feet. Appellant insists, inasmuch as respondent was not driving as near the curb as possible, that he is guilty of contributory negligence, citing many decisions of this court to the effect that one who violates a city traffic ordi-nance is negligent; that respondent's nonobservance of the rule of the road is negligence *per se*, citing: *Hillebrant v. Manz*, 71 Wash. 250, 128 Pac. 892; *Ludwigs v. Dumas*, 72 Wash. 68, 129 Pac. 903; *Mickelson v. Fischer*, 81 Wash. 423, 142 Pac. 1160; *Johnson v. Heitman*, 88 Wash. 595, 153 Pac. 331.

But the authority of these cases and the principle relied on will not avail appellant. They are, without exception, cases where vehicles have collided one with the other or with pedestrians. The object of the traffic ordinance is to pro-tect pedestrians and vehicles and to avoid collisions. It cannot be applied, without doing violence to fundamental principles, to the facts of the case at bar. We have held

that similar ordinances had no application unless the one invoking the ordinance can say that the ordinance was enacted for his benefit. Wherefore, it has been frequently held that it is not negligence *per se* for a person to drive at an unlawful rate of speed, or upon the wrong side of the street, if the nonobservance of the traffic ordinance did not result in injury to the one for whose benefit it had been enacted. *Segerstrom v. Lawrence*, 64 Wash. 245, 116 Pac. 876; *Beeman v. Puget Sound Traction, Light & Power Co.*, 79 Wash. 137, 139 Pac. 1087; *Mickelson v. Fischer, supra*.

With no passing traffic, respondent was within his lawful right when he drove his car on the open unoccupied street at any place best suiting his convenience, so long as he followed a way to the north of the north track. Appellant was clearly negligent. In fact, we do not understand that its negligence is seriously denied. Its act was the efficient cause without which the accident would not have happened.

We find no merit in the plea of contributory negligence, and the judgment is affirmed.

ELLIS, C. J., MORRIS, MAIN, and FULLERTON, JJ., concur.