[No. 13587.   Department One.   April 12, 1917.]

JOSEPH A. BOGDAN, *Respondent*, v. GEORGE PAPPAS *et al.,*
*Appellants.*[1]

APPEAL—BRIEFS—TIME FOR FILING.  An appeal will not be dis-
missed for failure to file briefs in time where the appellants' brief
was served July 6 and filed the following day, the respondent's brief
was served August 4th and filed August 10th, and the appellants'
reply brief was served August 28th and filed August 31st.

CARRIERS—REGULATION—AUTOMOBILES—SURETY BONDS — LIABILITY
OF SURETY—CITY LIMITS.  A surety bond covering the operation of
an automobile for passengers for hire in cities of the first class does
not cover accidents upon a public highway outside of the city limits.

HIGHWAYS—USE—NEGLIGENCE—TRAFFIC REGULATIONS— VIOLATION.
It is not negligence *per se* to fail to observe the traffic statute, Rem.
Code, § 5562-26, requiring automobiles to keep to the right of the
center of street intersections in turning to the right, where the acci-
dent resulted in injury to a passenger in a jitney, which skidded
from the road in rounding a turn and passing another automobile
going in the same direction; since the statute was passed to avoid
collisions and injury to persons in the street, and the complaining
party was not one for whose benefit the law was enacted.

Appeal from a judgment of the superior court for King
county, Frater, J., entered March 31, 1916, upon the verdict
of a jury rendered in favor of the plaintiff, in an action in
tort, after a trial on the merits.  Reversed.

*Geo. McKay* and *Henry S. Noon,* for appellants.
*Longfellow & Fitzpatrick,* for respondent.

MAIN, J.—The purpose of this action was to recover dam-
ages for injuries sustained by the plaintiff, due to the negli-
gence of the defendant George Pappas in the operation of
an automobile.  Recovery is also sought against the defend-
ant Pacific Coast Casualty Company upon the bond upon
which that company was surety and Pappas was principal.
From a verdict and judgments in favor of the plaintiff, the
defendants appeal.

[1]Reported in 164 Pac. 208.

The facts sufficient to an understanding of the questions which are controlling upon this appeal are these: On the 19th day of July, 1915, Pappas undertook for hire to convey the respondent by automobile from the city of Seattle to the city of Everett. At one point upon the county highway between the two cities, the road makes a right-angle turn. When about three hundred feet from this bend in the road, Pappas undertook to pass another automobile going in the same direction, and for this purpose turned to the left. When he reached the bend in the road, he failed to make the turn, and the automobile went over the bank, and the respondent sustained the injuries for which he seeks recovery. The bond upon which the Pacific Casualty Company was surety covered the operation of the automobile by Pappas in Everett, which is a city of the first class.

The respondent opens his brief with a motion to dismiss the appeal because the briefs of the appellants were not served within the time required by law. The appellants' opening brief was served on the 6th day of July, 1916, and was filed in this court on the day following. The respondent's brief was served on the 4th day of August, 1916, and was filed in this court on the 10th day of the same month. The appellants' reply brief was served on August 28, 1916, and was filed in this court on the 31st day of the same month. The cause was heard here on the 15th day of November, 1916, at which time a motion to dismiss was first presented. Upon these facts, we think the motion should not be granted.

Upon the merits, as to the Pacific Coast Casualty Company, there is no liability, because the accident did not occur in the city where the operation of the automobile was covered by the bond. This question is fully discussed in the recent case of *Bartlett v. Lanphier*, 94 Wash. 354, 162 Pac. 532. Upon the authority of that case, there is no liability upon the bond in the present case, because the accident happened upon a county highway, and not within the corporate limits of the city of Everett.

The next question is whether the court erred in submitting the cause to the jury. In this connection, complaint is made of an instruction to the effect that, if Pappas was propelling his automobile at the time of the accident along the highway towards a bend or intersection of such highway, and was turning to the right, and failed to keep to the right of the intersection of the highway, then the appellant Pappas was violating the law of the state, and if such violation was the proximate cause of the accident, the respondent was entitled to recover unless he was guilty of contributory negligence. This instruction is based upon § 26 of chapter 142 of the Laws of 1915, p. 394 (Rem. Code, § 5562-26). It is there provided that any person operating a motor or other vehicle shall, at the intersection of public highways, keep to the right of the intersections of the centers of such highways when turning to the right. The object of this requirement of the statute was to protect travelers and vehicles upon the highway, and to avoid collisions. The failure to obey a traffic statute or ordinance of this kind is not negligence *per se* unless the complaining party is one for whose benefit the statute or ordinance was enacted. *Segerstrom v. Lawrence,* 64 Wash. 245, 116 Pac. 876; *Rampon v. Washington Water Power Co.,* 94 Wash. 438, 162 Pac. 514.

In the case last cited, it was said:

"The object of the traffic ordinance is to protect pedestrians and vehicles and to avoid collisions. . . . We have held that similar ordinances had no application unless the one invoking the ordinance can say that the ordinance was enacted for his benefit. Wherefore, it has been frequently held that it is not negligence *per se* for a person to drive at an unlawful rate of speed, or upon the wrong side of the street, if the nonobservance of the traffic ordinance did not result in injury to the one for whose benefit it had been enacted." (Citing authorities.)

The instruction was not applicable to the facts in this case. As to the Pacific Coast Casualty Company, the judgment will be reversed, and the cause remanded with direction

to the trial court to dismiss the action. As to Pappas, the judgment will be reversed, and the cause remanded for a new trial.

ELLIS, C. J., MOUNT, and CHADWICK, JJ., concur.