[No. 13938.   Department Two.   August 17, 1917.]

N. R. WALTERS *et al.*, *Respondents*, v. THE CITY OF SEATTLE, *Appellant*.[1]

MUNICIPAL CORPORATIONS—STREETS—DEFECTS— NEGLIGENCE — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. The negligence of the city and the contributory negligence of the owner of a truck, overturned at the foot of a steep pitch, where the city had left broken and uneven planking and a hole six or seven inches deep that filled with water, are questions for the jury, where the city had notice of the defect, other accidents had happened there, and the plaintiff, who was familiar with the street, but had to use it, used all the care possible in going down the grade, and his brake, renewed that day, failed to hold owing to the slippery condition of the street, whereby the truck gained momentum and tipped over when it reached the hole in the street.

SAME—CLAIMS—DESCRIPTION OF PROPERTY—SUFFICIENCY. The wet and slippery condition of a precipitous approach to a street intersection, not imputable to the city but to the the phenomena of nature, need not be set forth in a claim for damages due to defective planking and a hole at the street intersection, in order to entitle plaintiff to give evidence of such slippery condition, whereby plaintiff lost control of a truck in approaching the defects in the street; since the condition is presumably not permanent, and is one which the city is bound to consider.

SAME—DEFECTS IN STREETS—PERSONAL INJURIES—ACTIONS—TRIAL—INSTRUCTIONS. In an action for personal injuries from a defect in a street, an instruction that, if the city's negligence was the proximate cause of the injury, the plaintiff could recover, notwithstanding in operating a truck he was exceeding the speed limit, providing that fact was only a remote cause or a mere condition and not the proximate cause of the accident, is not contradictory of instructions that if plaintiff was negligent, it made no difference how negligent he was, and correctly defining the law of contributory negligence and plaintiff's degree of care and that any omission thereof which caused or contributed to or was the proximate cause of the injury, barred recovery.

SAME. In such an action, in defining contributory negligence as to conditions that "plaintiff knew," it is not error to omit to instruct as to conditions that he "should have known," when there was no such element in the case.

[1]Reported in 167 Pac. 124.

SAME. In such an action, instructions requiring the jury to determine whether the proximate cause of the accident was the defective condition of the street or the manner in which plaintiff drove his truck upon it, are correct.

SAME. In such an action, it is proper to refuse an instruction assuming that an automobile is itself an agency dangerous to the occupant.

TRIAL—INSTRUCTIONS—ASSUMPTION OF FACTS. It is not error to refuse instructions assuming reckless conduct heedless of obvious dangers where there was nothing of that sort in the case as presented.

Appeal from a judgment of the superior court for King county, Jurey, J., entered September 30, 1916, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained through a defective street. Affirmed.

*Hugh M. Caldwell* and *Frank S. Griffith*, for appellant.

*Beeler & Sullivan*, for respondents.

HOLCOMB, J.—In this action respondents recovered judgment for damages for personal injuries sustained by respondent N. R. Walters as the result of the overturning of his automobile truck, due to the alleged dangerous condition of one of the appellant's streets.

The facts, briefly stated, are as follows: Lake Dell avenue and East Alder street, both within the city of Seattle, form what is commonly known as Lake Dell drive. East Alder street forms the east end of Lake Dell drive, and runs approximately east and west and intersects Erie street and Lakeside avenue. Both of the latter run north and south. Lakeside avenue parallels Lake Washington. Erie street is one block west of Lakeside avenue. Lake Dell drive approaches Lakeside avenue from 32d avenue south in a series of curves, turns, and grades, the grades varying from two to twelve per cent. East Alder street, from Erie street to Lakeside avenue, descends at a grade of twelve per cent. Lake Dell drive is the only street or roadway that can be

used by commercial vehicles in reaching Leschi Park boat and ferry landing. In November, 1915, the appellant finished the work of planking East Alder street, save at the intersection of East Alder street and Lakeside avenue. Lakeside avenue is a graveled and macadamized street. The planking at the intersection point was, according to the contention of the respondent, left broken, rough, and uneven, and there was a hole about fifty feet in length, from six to eight inches in depth, and one and one-half to two feet in width, which, at the time of the accident, was full of water. In order to avoid this hole it was necessary for vehicles driving down East Alder street to turn out of the regular line of travel and drive to the wrong side of the street by turning towards the left, which respondent did. There was a triangular space in the intersection about twenty-seven feet in greatest width, left unmacadamized and unpaved and usually muddy and soft, over which vehicles at this time were unable to pass.

Respondent is a resident of the town of Bellevue, Washington, located upon the east shore of Lake Washington, and there owns and operates a feed store. In the operation of this business he uses a one-ton Ford automobile truck. At the time of the accident, he had been driving an automobile about three months. In going to and from Seattle it is customary for residents of Bellevue to use the ferry, which has its landing place at Leschi Park, in Seattle. In getting to and from this landing it is necessary for trucks to use the Lake Dell drive and Lakeside avenue. It was also customary for Walters to drive his truck to Seattle and purchase merchandise for his store. On December 4, 1915, he made one of these trips. After calling at various wholesale places and making purchases elsewhere, at about 4 p. m. he started down Lake Dell drive. He made the run on the right side of the street without difficulty until he came to the East Alder street section of the drive, at a point a distance of about two hundred and thirty feet west of Erie street. The terri-

tory just west of Erie street for a distance of four or five blocks has considerable elevation, so that the drainage during the rainy season flows towards the east, and this seepage of water constantly keeps the planking on East Alder street wet and slippery, in which condition it was at that time. At this point, to use the respondent's own language: "I was going down what is known as the Lake Dell drive plank road, and had on a load of feed, and it was pretty slippery, and I held the truck under control all right until I came down to this last steep pitch on East Alder street, and it seemed to be steeper there than any other part of the street and my brakes failed to hold." He further testified that the brakes in the car had been renewed that day and were in good condition, and that they failed to hold because of the slippery condition of the steep descent to the intersection of Lakeside avenue. Walters ran down East Alder street and, at the time he came to the intersection with Lakeside avenue, he estimates that he was going at a rate of speed of from nine to eleven miles an hour. When he came to the last part of the planking, where it was rough, he started to make a turn to run south on Lakeside avenue. His truck tilted to the left and ran on two wheels until it came to the depression or hole, when it tipped over on its left side. He was caught under the truck and his leg so badly crushed that it was necessary to amputate it.

It would seem well to note in passing that the city of Seattle has not seen fit to introduce evidence in denial of some of the matters brought out in the respondent's evidence. Only two witnesses were called on the part of the city, and they were two police officers, one of whom was the ambulance driver who was sent out to the scene of the accident when it was reported. The only one who seemed to be able to tell anything about what happened was a motorcycle policeman, who testified to having knowledge of the condition of the drive at this place; that he had been down there before on the same afternoon of that accident, and he knew that the hole was

there.　The statements of this witness would tend to show that the truck could not have been going at a very excessive rate of speed, for the car did not appear to be broken up. It is also to be noted that, as to the question of notice, the city did not heed the requests to repair the street, made by the witness Helgeson a few weeks before this accident.　It would appear that the city of Seattle, a few weeks prior to the trial of this cause, repaired the driveway at the particular spot in question herein.　There was also evidence that other vehicles had overturned at this particular spot, and that a man drove over this same block on East Alder street and his horses were not able to hold back the wagon.

Appellant requested the court to instruct the jury to return a verdict for it, which was refused.　Motion was duly made for a judgment *non obstante veredicto*, filed before the entering of any judgment, and a motion for a new trial was duly made.　Both of these motions were denied.

Appellant gave nine assignments of error on the part of the trial court, grouped under three points.

I.　As to point 1.　It has long been the rule of this court that, before a court will be justified in taking from the jury the question of contributory negligence, the acts done must be so palpably negligent that there can be no two opinions concerning them.　*McQuillan v. Seattle*, 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799; *Traver v. Spokane St. Ry. Co.*, 25 Wash. 225, 65 Pac. 284.　The failure to obey a traffic statute or ordinance is not negligence *per se* unless the complaining party is one for whose benefit the statute or ordinance was enacted.　*Segerstrom v. Lawrence*, 64 Wash. 245, 116 Pac. 876; *Rampon v. Washington Water Power Co.*, 94 Wash. 438, 162 Pac. 514; *Bogdan v. Pappas*, 95 Wash. 579, 164 Pac. 208.　The object of a traffic ordinance or statute regulating speed of vehicles at crossings is to protect pedestrians and other users of the streets, and to avoid collisions. *Rampon v. Washington Water Power Co., supra.*

In the case of *Archibald v. Lincoln County*, 50 Wash. 55, 96 Pac. 531, the court adopts as its view of a correct statement of the law the following instruction which was approved by the Kansas court of appeals in the case of *Falls Township in Chase County v. Stewart*, 3 Kan. App. 403, 42 Pac. 926:

"Knowledge by a person of a defective or dangerous condition of a public highway and the use of it notwithstanding such knowledge are not of themselves negligence. If the necessities of a person's business require him to use a defective or dangerous highway, he may use it notwithstanding he knows its defects and dangers. Such knowledge only requires an increased caution and diligence to avoid injury. In other words, although a person is required to exercise only ordinary care and prudence, yet such care and prudence must be commensurate with the necessities of the case, and maintain a constant level with the dangers of the situation."

It is not negligence *per se* to pass over a defective highway when there is no convenient way of going around it. *Einseidler v. Whitman County*, 22 Wash. 388, 60 Pac. 1122. Ordinarily, whether a street is safe is a question for the jury, and their finding will not be disturbed unless absolutely unsupported by the evidence. *Saylor v. Montesano*, 11 Wash. 328, 39 Pac. 653.

Under the facts here, we cannot say that, as a matter of law, the city was not negligent, nor that the respondent was guilty of contributory negligence. Upon respondent's evidence, he did all he could be expected to do to avoid the defect in the street crossing. The motion for instructed verdict for the city was therefore properly denied.

II. In the claim of damage presented to the city, the negligence of the city in permitting the defective planking, the hole in the intersection of East Alder street and Lakeside avenue, and the precipitous grade from Erie street to Lakeside, was set forth. No mention was made of the wet and slippery condition of the steep grade on East Alder street at the time of the accident, and that condition was shown, over objections by appellant, at the trial. It was stated, however,

that the grade of the approaching street was precipitous for a distance of one block.

The purpose of the ordinance, in requiring a claimant to file a claim giving notice of the place where the injury is alleged to have occurred and the nature of the defect or omission causing the same, is to enable the city's agents to accurately locate the place of injury and the alleged defects or omissions, and so be informed whether to adjust the claim or prepare its defense thereto.

Of course, the wet and slippery condition of a precipitous approach to a street intersection is presumably not permanent, and is a defect imputable not to the city, but to the phenomena of nature; but it is a condition known to occur, and it is one which the city was bound to consider in relation to surrounding conditions which were under its control, if it had any relation to a situation that might arise from the negligence of the city. *Short v. Spokane*, 41 Wash. 257, 83 Pac. 183.

In the case of *Falldin v. Seattle*, 50 Wash. 561, 97 Pac. 658, Judge Dunbar, in discussing the sufficiency of the description in a claim filed with the city of Seattle under the same charter provision here in question, says:

"This court has uniformly held that requirements of this kind must be reasonable, and that a reasonable compliance with such requirements was all that could be demanded; . . ."

See, also, *Hammock v. Tacoma*, 40 Wash. 539, 82 Pac. 893; *Ellis v. Seattle*, 47 Wash. 578, 92 Pac. 431; *Mulligan v. Seattle*, 42 Wash. 264, 84 Pac. 721; *Lindquist v. Seattle*, 67 Wash. 230, 121 Pac. 449.

Substantial compliance is all that is required. *Short v. Spokane, supra; Maggs v. Seattle*, 86 Wash. 427, 150 Pac. 612.

The claim here in question was not misleading, and substantially complied with the ordinance.

III.   Appellant's third point contains a discussion of a number of assignments of error involving several propositions, and a group of instructions, requested by appellant and others and given by the court, upon the subject of negligence and contributory negligence.

Appellant requested the following instruction:

"(2)   A want of caution to avoid injury, where the duty of use with caution is incumbent, and a reckless or heedless use of dangerous agencies in localities where the peril from their use is obvious, is negligence.   The degree of care required in the use and operation of a machine or vehicle upon the streets of a city depends not only upon the condition of the streets, but also upon the dangerous character of the machine or vehicle and its liability to do injury.   The more dangerous its character and the greater its liability to do injury, the greater the degree of care and caution required to be used in its use and operation.   It is therefore the duty of a person operating an automobile or any other vehicle upon a public highway to use reasonable care in its operation to move it at a rate of speed reasonable under the circumstances and cause it to slow up or stop if need be when the danger is imminent, or could by the exercise of reasonable care be seen or known in time to avoid accident.   The person having the management of the automobile is required to use such reasonable care, circumspection, prudence and discretion as the circumstances require, an increase of care being required where there is an increase of danger."

Also:

"(5)   If the operator of a machine knows, or in the exercise of reasonable prudence and caution, ought to know the dangers attendant upon the driving of an automobile loaded with freight down a grade of 12 per cent. terminating in a level street, it is his duty to so have his automobile under such control that he could stop it upon the appearance of any danger, it being the rule that the driver of a machine must take notice of the road."

Another instruction was requested as follows:

"(3)   If you believe from the evidence that the plaintiff at the time of the accident was running his automobile at

such a high rate of speed as prevented him from maintaining control of it, such rate of speed was unreasonable, and the plaintiff cannot recover in this action."

Upon the question of contributory negligence, the court gave the following instructions:

"(12)    If you find from a fair preponderance of the evidence that Lake Dell place and East Alder street consisted of a series of curves upon a grade reaching from the top of the hill to Lakeside avenue, and if you further find from the evidence that the plaintiff knew of this condition and attempted to descend the hill on those streets with a truck loaded with feed, then I charge you that it was the duty of the plaintiff to exercise a degree of care commensurate with the conditions that he knew existed by reason of the curves and grades, and if you find from a fair preponderance of the evidence that the plaintiff failed to use such care and caution as the curves and grades on said street required him to exercise, and that would be such care and caution as a reasonably prudent person would have exercised under like or similar circumstances, and by the failure to use such care as I have before defined to you, caused or contributed to the injury suffered by the plaintiff, and was the proximate cause thereof, then he cannot recover in this action and your verdict should be for the defendant."

"(9)    You are instructed that the affirmative defense contained in the answer of the defendant to the complaint, is the defense of contributory negligence on the part of the plaintiffs, and that contributory negligence on the part of the plaintiffs, if established by the evidence, under the instructions of the court given you in that regard, is a complete defense to the action of such plaintiffs, and precludes any recovery on the part of the plaintiffs, and it is immaterial to such defense, when contributory negligence is established, to what extent the defendant may have been negligent also in the matter.    You are also instructed in this regard that contributory negligence is an affirmative defense, and that the burden of proof is upon the defendant alleging it to establish contributory negligence on the part of such plaintiff by a preponderance of the evidence.    You are further instructed in this regard that the term 'contributory negligence' as used in these instructions and in the case, is defined and explained to you as follows:    Such an act or omission on the

part of the plaintiff, amounting to want of reasonable and ordinary care, as contributing to, or concurring or co-operating with, the negligent act of the defendant, is the proximate cause of the injury and damage complained of, that is, such negligence on the part of such plaintiff as helped to produce the injury and damage complained of."

"(15)   You are instructed that if you find that the defendant, the city of Seattle, was guilty of negligence, as alleged in plaintiffs' complaint, which negligence was the direct and proximate cause of the injury that the plaintiff, N. R. Walters, sustained, if any, the plaintiffs will be entitled to recover, even though the plaintiff N. R. Walters at the time he was operating his auto truck down East Alder street may have been guilty of negligence in operating his automobile truck at a rate of speed in excess of the state law, if you further find that the negligence of the plaintiff N. R. Walters, in this regard, was only a remote cause or a mere condition of the accident."

"(16)   I instruct you that the violation of a city ordinance is not such negligence as will bar recovery, unless such violation is the proximate cause of an accident.   And in this regard I instruct you that, even though you may find that the plaintiff N. R. Walters drove his motor truck around the corner of East Alder street and Lakeside avenue at a rate of speed in excess of eight miles per hour, and in violation of the ordinance of the city of Seattle, yet, if you further find that the speed at which the auto truck was traveling was a remote cause or a mere condition of the accident, as alleged in plaintiffs' complaint, if you find an accident did occur; and if you further find that the defendant was negligent in the way and manner in which it kept and maintained East Alder street and Lakeside avenue at the intersecting point thereof, and the way and manner in which the city kept the lower cross walk, as alleged in plaintiffs' complaint, all of which negligent act or acts, if any, were the direct and proximate cause of the injury that the plaintiff N. R. Walters sustained, if any, then your verdict shall be for the plaintiffs and against the defendant."

It is contended that the last two instructions contradict that part of instruction No. 9 which says, if the negligence of the plaintiff is established, it makes no difference how

negligent the defendant is, the plaintiff cannot recover; and
conflicts with that portion of such instruction which told the
jury that, if the negligence of the plaintiff contributed to,
concurred, or co-operated with, or helped to produce the
damage, it would bar the plaintiff from recovery. We do
not so consider them. Instruction No. 12 correctly charged
the jury as to the degree of care incumbent upon respondent,
and that any omission thereof which caused or contributed to
and was the proximate cause of the injury barred recovery.
Instruction No. 9 was correct in defining the law of con-
tributory negligence and the burden of proof thereof, and
Nos. 15 and 17 are in no way inconsistent therewith, but state
the law correctly as stated in the discussion under point No.
1 of this opinion.

It is further contended that instruction No. 12 did not con-
tain the element of potential knowledge, but only instructed
as to the necessity of actual knowledge on the part of the
respondent as to the defective condition of the road. *Polk
v. Spokane Interstate Fair*, 73 Wash. 610, 132 Pac. 401, is
cited in support of the view that the court improperly limited
the defense to respondent's actual knowledge in the use of
the phrase "and plaintiff *knew*;" that respondent was charge-
able not only with what he knew, but with what, under the
given circumstances, *he should have known.* But the de-
fense referred to in the cited case was the defense of assump-
tion of risk; and the statement of the case shows that the
risk referred to was a long standing and dangerous risk of
which the respondent in that case either had actual knowl-
edge or, as shown by the circumstances, should have known.
Neither is the case of *Zellers v. Bellingham*, 83 Wash. 601,
145 Pac. 613, in point. There it was said that the city, in
its exercise of control of the operation of certain machinery
and apparatus, was liable either for actual knowledge or
constructive knowledge.

The substance of requested instruction No. 5 was given in
instruction No. 12, with the exception of the element of what

the respondent *should have known*. There was nothing in the case which made this an element of contributory negligence on the part of respondent, since the testimony is uncontroverted that the respondent had seldom driven down East Alder street and across this street intersection; that he had not been down the street for at least two weeks previous to the day in question, and that the hole in the street crossing was usually filled with water so that its depth could not be determined.

Under the instructions given by the court, the jury were required to ascertain and determine from the evidence what was the proximate cause of the accident; whether it was a defective condition in the street, or the way and manner in which respondent drove his auto truck down East Alder street. The instructions given were correct and were not misleading or confusing. *Bogdan v. Pappas*, 95 Wash. 579, 164 Pac. 208; *Rampon v. Washington Water Power Co.*, 94 Wash. 438, 162 Pac. 514.

The instructions 2 and 5, requested by appellant, are incorrect for the reason that they assume that the automobile in itself was an agency dangerous to the occupant himself. An automobile is not necessarily a dangerous device. It is an ordinary vehicle of pleasure and business. It is no more dangerous *per se* than a team of horses and a carriage, or a gun, or a sail boat, or a motor launch. It is not to be classed with what are commonly called "dangerous instrumentalities," such as ferocious animals, dynamite, gunpowder, and other inherently dangerous contrivances or agencies. While more nearly approximating a locomotive, the ordinary automobile differs materially therefrom. It is not an article or a machine of an inherently dangerous nature. Alone and of itself it will not move, explode, or do injury to any one. Berry, Automobiles (2d ed), pp. 17, 19.

The instructions requested further assume that the respondent was chargeable with reckless or heedless use of such dangerous agency in a locality where the peril from its use

was obvious. None of these assumptions was proper under the case as presented to the court and jury. There was no testimony, except that of respondent himself, as to the manner in which he handled the automobile, and no contradiction of his testimony that, but for the precipitous grade in East Alder street and the defective condition of Lakeside avenue at the street intersection, he could have controlled his car with its load, and the necessary inference therefrom is that there would have been no accident. Upon these questions, the jury found in his favor and, as we consider, under proper instructions as to the law.

Finding no error, the judgment is affirmed.

ELLIS, C. J., PARKER, and MOUNT, JJ., concur.