[No. 19305.   Department One.   June 8, 1925.]

JENNIE ALSTEAD, *by her Guardian ad Litem Gustava Alstead, Respondent,* v. JOSEPH M. KAPPER *et al., Appellants.*[1]

CARRIERS (97, 107)—OF PASSENGERS—CONTRIBUTORY NEGLIGENCE—LEAVING CONVEYANCE—QUESTION FOR JURY. The contributory negligence of a passenger in alighting from a motor bus before it had come to a stop, is a question for the jury, where, on having signalled for a stop, the passenger, on approaching the exit, found the door open, felt no motion, and assumed the car had stopped, and owing to the dark and foggy night, it was impossible to see objects outside or to tell whether the car was still moving.

SAME (99-1)—CONTRIBUTORY NEGLIGENCE—VIOLATION OF ORDINANCE. An ordinance providing that no person shall leave any motor bus while it is moving does not make such act negligence *per se*, unless the passenger knows, or should have known, that the car was moving.

APPEAL (385)—TRIAL (89)—INVITED ERROR—CONFLICTING INSTRUCTIONS. Appellant cannot assign error upon a conflict in instructions, when the erroneous instruction was given at his request.

TRIAL (94)—INSTRUCTIONS—APPLICATION TO PLEADINGS AND FACTS. Defendant cannot assign error on instructions upon an issue not covered in the complaint, where it was introduced by appellant's evidence showing a state of facts which, if unknown to appellant, would have been no defense.

NEGLIGENCE (43, 44)—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE. It is not error to refuse an instruction that, if the jury found the plaintiff guilty of contributory negligence, the burden would be upon plaintiff to show that it was not the proximate cause of the injury, where the court gave the usual instructions as to the burden of proof upon each party according to the issues made by the pleadings.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered December 31, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger in alighting from a bus. · Affirmed.

'Reported in 236 Pac. 799.

*Ralph S. Pierce,* for appellants.
*Leo Teats,* for respondent.

ASKREN, J.—Defendant appeals from a judgment entered by the court on the verdict of a jury in favor of plaintiff in an action for personal injuries. The following facts were disclosed by the evidence: 'The appellants, in November, 1923, operated a motor bus carrying passengers in the city of Tacoma, and running to South Tacoma. The bus was of ordinary construction, with a door for entrance and exit placed at the front and right of the bus, and of the customary pay-as-you-enter type. Respondent, with her escort, Wesley Drennon, now her husband, entered the bus at Tacoma about midnight, and paid the fare to South Tacoma. The night was dark and very foggy. When respondent first entered the bus, she was unable to secure a seat, but afterwards got one near the door. As the bus approached her destination, she pressed the button on the side of the car window, which was the ordinary signal for the driver to stop the car at the next crossing. After waiting a few seconds during which time the bus slowed down for stopping, she and her escort both arose preparatory to alighting. The condition of the weather was such that it was impossible for respondent to see any objects outside of the bus, and to tell whether the car was still moving, but when she got to the door and found it open and felt no motion of the car, she thought it had stopped and thereupon stepped out. The bus had not come to a complete stop, and she fell to the ground and was thrown under the bus, the right rear wheel passing over the middle of her body.

There was testimony establishing the fact that it was customary, and it is a matter of common knowledge, that passenger busses are driven with the door

closed, and that they are only opened to allow ingress and egress of passengers. There was testimony to the effect that the door had been open for several blocks, the driver of the bus explaining that it was necessary to have the door open in order to properly drive his car in the dense fog. Drennon and some other passengers also noticed the door had been open for some time. Some of the passengers testified that they could tell that the bus had not stopped at the time respondent stepped off. Appellant contends that there was not sufficient evidence to go to the jury, inasmuch as the door having been open prior to the time respondent sought to alight, there was no invitation to alight; and secondly, that the act of respondent was not only negligence *per se* but was the proximate cause of the accident. An ordinance of the city of Tacoma offered in evidence, provided in § 20, as follows:

"No person shall enter or leave any motor bus when the same is moving, . . ." Ordinance No. 6114.

Whether the door had been open prior to the time respondent desired to alight, and that fact known to respondent, was a question of fact for the jury to decide, in the light of respondent's testimony to the effect that she did not know it. It does not follow as a matter of law that, because several passengers on the car noticed that the door was open, respondent either did notice, or should, in the exercise of reasonable care, have noticed it. Whether the door was open or closed would not ordinarily be a matter of concern to the respondent until the time that she actually desired to alight from the bus, and the fact that others saw the situation which she may or may not have seen made the question one for the jury to determine under all the facts. It was for them to say whether a passenger on a pay-as-you-enter bus, equipped as this one was,

having signaled for the car to stop, approaching the point of exit and there finding the door open, would be justified, under all the facts shown, in assuming that the bus had stopped.

Appellant earnestly contends that the respondent violated a positive duty defined by law when she stepped from the bus while it was in motion, and that under oft-repeated decisions of this court where the law violated has been enacted for the benefit of the complaining party, it is negligence *per se. Rampon v. Washington Water Power Co.,* 94 Wash. 438, 162 Pac. 514, L. R. A. 1917C 998; *Bogdan v. Pappas,* 95 Wash. 579, 164 Pac. 208.

Under the ordinance, one is guilty of negligence *per se* who steps off a bus while it is in motion when the person doing so knows, or in the exercise of reasonable care should know, that the car was moving, and appellant, being one of the class for whose protection the ordinance was passed, may properly urge its violation in a proper case. But certainly this ordinance can have no application to a situation such as this where the person charged with its violation is unable, because of the condition of the weather, to see whether the car has actually stopped, and with every indication pointing to that fact, acts upon the invitation of the open door before him. Whether respondent knew, or should have known, that the car was moving was a question for the jury. The act of alighting from the bus was in no sense the proximate cause of the injury. It was the physical act that immediately preceded the injury, but the proximate cause of the act, the inducing and efficient cause, was the invitation given by the open door. Appellant insists that the alighting was the proximate cause inasmuch as, if the respondent had not attempted to alight, she would not have fallen, entirely overlooking the fact that it was

the invitation of the open door that caused the alighting.

We think, also, that the appellant cannot urge the violation of the ordinance as a defense when it was the act of the appellant that caused respondent unwittingly to violate it.

The case falls squarely within the rule announced in *Ferrell v. Washington Water Power Co.*, 83 Wash. 319, 145 Pac. 442, where a passenger was hurt when thrown out of a street car through an open door. The street car was one of the pay-as-you-enter type. It was there said:

"The jury might well infer that, with her mind intent upon her destination, the opening of the door was an invitation to her. If we admit that there was no such lurch or jerk as to warrant a recovery, the fact remains that the accident would not have happened if the door had not been opened while the car was in motion."

Complaint is also made of an instruction given by the court in which, after defining the duty of a passenger alighting from a bus that has come to a stop, with the attendant at his post and the door open, the court told the jury that, under such circumstances, the passenger had a right to assume that the bus had come to a stop, and that he could safely alight without examination. In the same instruction the court told the jury, however, that, if the passenger did, or in the exercise of reasonable care, could have observed that the bus was in motion, it would be negligence to attempt to alight. Contention is made that this instruction is irreconcilable with one given at the request of appellant in which the court instructed the jury that a violation of the ordinance constituted negligence as a matter of law, and that, if they found that the violation thereof was the proximate cause of the injuries received, then she would be guilty of contributory negligence,

and could not recover. It may be that there is some conflict between these two instructions, but the objection thereto is with the one proposed by appellant, and it cannot complain. That instruction placed a greater burden upon respondent than was required by law, for by it the jury were told that, if respondent alighted from the bus while it was in motion, she could not recover. If this were the correct rule of law, then there was no issue to be submitted to the jury, for the action was predicated upon the fact that respondent alighted while the bus was in motion. This instruction, however, taken in connection with the previous one, must have been understood by the jury to have no application if they found that the circumstances were such that respondent had a right to assume that the bus had stopped. Besides, under respondent's evidence, the jury had a right to find that the act of alighting was not the proximate cause of the injury.

Complaint is also made of another instruction wherein the court told the jury it was the duty of the driver of the bus to keep the door closed if the practical operation of the bus would not be interfered with. It is insisted that this raised a new issue. While it is true that the complaint charged that, before the bus had come to a complete stop, and when respondent was ready to alight, the driver of the bus negligently opened the door, yet upon the trial, when it appeared that the door had been open prior to the signal by respondent, the appellant sought to show that there was a necessity for having the door open, and that it was not practical under the circumstances, considering the weather conditions, to keep the door closed. Testimony was offered upon this point, and several witnesses testified for respondent in rebuttal upon the same issue. We have carefully read the record and are satisfied that, under the circumstances

shown, appellant cannot complain. When appellant sought to show that the door had been open for some time, it showed a state of facts which, if unknown to respondent, was no defense, and it was for the jury to determine whether the reasons given for having the door open were sufficient.

It is also contended that the court erred in refusing to give an instruction requested by the appellant to the effect that, if they found that plaintiff was guilty of contributory negligence, the burden was upon the plaintiff to prove that the negligence was not the proximate cause of the injury; but the court gave the usual instruction as to the burden of proof upon each party according to the issues made by the complaint and the affirmative defense, and we find no error in its refusal to give the instruction requested.

Finding no error in the record requiring reversal, the judgment is affirmed.

TOLMAN, C. J., PARKER, MAIN, and BRIDGES, JJ., concur.